JAMES R. PHILLIPS et al., Appellants, vs. WILLIAM G. HILL
AND WIFE, Appellees — Appeal from Brazoria County.

Where the jury did not find the issue, but only an agreement of the parties,
not in issue, from which it appeared that the matters in controversy were
not to be determined in the district court until after the appellate court
should have decided the question of title in favor of the plaintiff: *Held,* that
this was not a legal verdict, upon which the district court could give final
judgment.

Although the parties acquiesce in such verdict, both in the district and appel-
late court, this does not cure the objection, or authorize the latter to pro-
ceed to the adjudication and disposition of the case, as contemplated by the
agreement.

The verdict must find the issues; and a verdict not responsive to the issues is
bad, and will not support a judgment.

It is the province of the supreme court to decide those cases only which are
actually litigated and adjudicated in the district courts. [1 Tex. 529; 5
Tex. 93; 28 Tex. 105.]

This was an action of trespass to try title, brought by the
appellants, who were plaintiffs in the court below. The de-
fendants answered, and the case came up for trial at the spring
term, 1845, when a special verdict, and judgment thereon, was
rendered in favor of the defendants, as follows, to wit:

"In this case came the parties by their attorneys, and the
demurrer having been withdrawn, and issue being joined upon
the facts and merits of the case, it was ordered that a jury
come; whereupon came the following twelve good and lawful
men, to wit: (here follow the jurors' names), who being duly
elected, tried and sworn, well and truly to try the issue, find as
follows, by way of special verdict, viz.:   We, the jury, find the
following facts, viz.:   That Zeno Phillips and the defendant,
Eliza M. Hill, were married in this county, in May, in the year
1831, and the said Zeno Phillips died in this county in the
month of May, 1835, leaving his widow, the said Eliza M. Hill,
the defendant, and one child, Sarah Olivia Phillips, the only
child of the said Zeno Phillips and the said Eliza M., his wife.
That the said Sarah Olivia died in this county in the month of
September, in the year 1841, under the age of puberty, intes-
tate, and without issue.   That the lands in controversy were
acquired by Zeno Phillips, previous to his intermarriage with
the said Eliza M., and that he died intestate.   And they also
say that the plaintiffs are the next of kin to the said Sarah

Olivia, on the part of her father. If, upon these facts, the law is for the plaintiffs, then we find for the plaintiffs. If the law is for the defendants, then we find for the defendants. We also find that it is agreed between the plaintiffs and defendants, that if the judgment in the supreme court shall be for the plaintiffs below, it shall be remanded, with instructions to the court below to institute a writ of inquiry to ascertain what amount of mesne profits shall be allowed plaintiffs, and what amount shall be allowed defendants for improvements, and amelioration of said lands. And upon the foregoing facts, as found by the jury aforesaid, it is considered by the court that the said plaintiffs take nothing by their suit, and that the said defendants go hence without day, etc.

"And the said plaintiffs, by their attorney, gave notice of appeal in open court, which appeal, by agreement, is to be without bond, except for costs, without prejudice."

WEBB for appellants.

BAKER for appellees.

Mr. Justice WHEELER delivered the opinion of the court.

We have felt some embarrassment respecting the disposition proper to be made of this cause, on account of the agreement of the parties, found by the special verdict. That is, in effect, that the judgment of this court shall be a final adjudication of the cause, only in the event that it shall be in favor of the defendant.

The value of the improvements upon the land in controversy was put in issue by the pleadings. And the jury find that it is agreed between the parties, that, if the judgment of the supreme court shall be for the plaintiff, the cause shall be remanded for the purpose of a future adjudication of that issue. The jury, then, did not find the issue, but an agreement of the parties, not in issue, by which it appears that the matters in controversy were not to be determined in the court below until after this court should have decided the question of title in favor of the plaintiff. Was this a legal verdict, upon which the court could give final judgment? We are of opinion that

it was not. No principle is better settled than that the verdict must find the issues; and a verdict not responsive to the issues is bad, and will not support a judgment.

There was here an issue in respect to the value of the improvements, but none respecting any agreement of the parties. Yet the jury expressly decline to find the issue, and proceed to find that which was not in issue. Most manifestly this was not a legal finding, within the settled rules and principles of the law applicable to the verdicts of juries. But it has been acquiesced in by the parties, both in the district court and in this court. Can this acquiescence and consent of parties cure the objection, and authorize us to proceed to the adjudication and disposition of the cause indicated by the agreement in question? If so, it is difficult to perceive any reason why the parties may not, at any time during the progress of a cause, in this way, take the opinion of the court here upon any question upon which they may desire it, and then constitute this court their ministerial agent to remand the cause for such further litigation as may have been contemplated by their original understanding and agreement. It is evident that the substitution of the agreement, in the verdict, in the place of a finding of the jury themselves upon the issues, was a device resorted to by the parties to obtain the judgment of this court upon the single question of title, before a final adjudication upon the whole merits in the court below; and hence it was an attempted evasion and violation of the law, which forbade an appeal until final judgment.

This is a proceeding which the law will not sanction; and the court below erred in permitting its forms to be employed to consummate such a purpose. The verdict did not constitute a legal basis on which to rest the judgment of the court. No consent can cure the illegality, or give it validity here. To hold otherwise would be, in effect, to entertain original jurisdiction of the cause, by consent, and would be violative of the constitution of the appellate court. It would be to recognize the authority of the district court by a formal, final judgment, upon a verdict embracing a consent of parties to

that effect, to refer to our decision any interlocutory judgment or legal proposition arising in the progress of a cause, before its final determination in that court.  And were we to proceed to adjudicate and remand the cause upon the agreement of the parties, it is clear that our action would not be confined to the revising of a judgment of the district court, nor the giving of such judgment as that court ought to have given.

The district court has been organized and constituted for the actual adjudication of causes within its jurisdiction; not to sit merely for the preparation of questions for decision here. And it is the province of this court to decide those causes only which were actually litigated and adjudicated in the district court.

It must have been apparent to the court below that the verdict in this case was designed and contrived by the parties improperly, to give jurisdiction to this court, and it ought to have been set aside and annulled.

Because, therefore, the court erred in proceeding to give judgment final upon the verdict rendered by the jury in this cause, we are of opinion that the judgment be reversed, and the cause remanded for further proceedings.