Norman A. BINZ et al., Appellants,

v.

Bud Collins HARWOOD et al., Appellees.

No. 15765.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 14, 1956.

Rehearing Denied Jan. 11, 1957.

Peareson, Scherer & Roberts, Richmond, Baker, Botts, Andrews & Shepherd, R. D. Richards, Jr., and J. C. Hutcheson, III, Houston, for appellants.

R. A. Bassett, Richmond, Sam W. Levy, Fulbright, Crooker, Freeman, Bates & Jaworski, John H. Crooker, Jr., Robert M. Welch, Jr., and Chas. W. Bell, Houston, for appellees.

MASSEY, Chief Justice.

Binz J. Settegast, now deceased, executed a formal will in duplicate and had same witnessed and signed in duplicate by subscribing witnesses in the office of his attorney. Approximately one and one-half years later he died. The copy of his will which he had taken from the office of his attorney immediately after executing the same was not found among his papers, nor was it to be located up to the time of the filing of the suit from which appeal has been taken to this court. The copy of the will which was left in the office files of the attorney was the will admitted to probate, and upon which the deceased's estate is in the process of administration.

None of the legatees and devisees under the will of the deceased were related to him by blood; however, he had heirs at law. Approximately one year after the death of the deceased these heirs filed suit to set aside the order admitting the will to probate. The grounds alleged in the original suit were want of testamentary capacity, undue influence, and a revocation of the will. Judgment was entered in the County Court, and an appeal was taken to the District Court where the same stood for a trial de novo.

In the District Court the heirs at law, as plaintiffs, amended their pleadings and alleged that the purported will under attack was not the true will of the deceased, that the probate thereof was not valid, and that both the will and the order admitting it to probate should be held for naught and canceled. Included in the allegations we find the following: " * * * at a time prior to his (the deceased's) death * * *, the said Binz J. Settegast intentionally revoked said act of May 9, 1951, by the destruction of the only original of said

instrument which he had in his possession." Further allegations remaining included the following: "Petitioners further aver that, regardless of the intent with which said instrument of May 9, 1951, was executed, the same was intentionally revoked by the testator prior to his death by the destruction, or alternatively the cancellation, or alternatively the obliteration thereof by the said Binz J. Settegast or some other person (unknown to Petitioners) at his request and in his presence."

Additional allegations included averments that the deceased executed the instrument in question and the copy thereof which he carried away from the lawyer's office as a temporary expedient, motivated by desires that the wife from whom he was obtaining a divorce not share in his estate should he die before the divorce became final; that he was being subjected to threats, nagging, compulsion, importunities and persuasion by one of the legatees in question; that his attorneys were not instructed to file for probate the copy left in the office in the event of his death; that though afforded opportunity to do so he never subsequently mentioned to his attorneys the will in question; that he did subsequently discuss with an attorney and other persons the fact that he desired and intended to make a will, during the course of which the will (later filed for probate) was never mentioned; and that no person other than the deceased ever had access to his effects from and after the date he carried his copy of the will away from the lawyers' office to the time of his last illness, and that therefore he was the only person who could have destroyed his copy of the same. All allegations denoted by this paragraph were stricken upon special exception. The allegations set out in the paragraph preceding, however, still remained undisturbed after defendants' special exceptions were sustained.

After the special exceptions were sustained and the allegations attacked thereby stricken, the plaintiffs declined to amend, and the trial court ordered the suit dismissed. From this order the plaintiffs have perfected this appeal.

The points of error brought forward read as follows:

"First: The Trial Court erred in sustaining all of defendants' special exceptions and in holding that petitioners' Seventh Amended Original Petition failed to state a cause of action to set aside the probate of the purported Will of Binz J. Settegast, deceased, on the ground that it had been revoked.

"Second: The Trial Court erred in sustaining all of defendants' special exceptions and thereby ruling, in effect, that under the circumstances alleged in petitioners' Seventh Amended Original Petition, a presumption of revocation did not arise from the disappearance of the duplicate original of the purported Will which was taken by Binz J. Settegast from the office of his attorney and last seen in his custody."

We have no difficulty in ascertaining that the trial court erred in dismissing plaintiffs' suit, since their petition alleged a cause of action even after the exceptions were sustained, in that thereby they asserted that the deceased intentionally revoked the will in question by the destruction of the same, or alternatively by cancellation, or alternatively by the obliteration thereof, by his own act or by the act of some other person at his request and in his presence. Hence, it automatically follows that we will be charged with the duty of reversing the judgment of the court below and remanding the cause for a trial on the merits. It is not necessary, under the points of error, or to our decision, to even consider the propriety of the court's action in sustaining the exceptions. We do not pass on this question.

From the manner in which the case is submitted to this court on appeal, it is obvious that we are expected to seize upon

the facts stipulated by the parties and to decide whether, under said factual circumstances, the defendants are entitled to a judgment in the case as a matter of law, or whether there are facts to be tried in the court below. The trial court apparently had before it the stipulation of the parties to the effect that there was no direct evidence of revocation to be introduced upon any trial, and that plaintiffs rely in support of such claimed revocation upon their allegation that the duplicate original of the will in question, last seen in the possession of Binz J. Settegast, was not found upon his death. It is, of course, the contention of the plaintiffs that such circumstances give rise to a presumption of revocation. Indeed, the plaintiffs frankly take the position that if such presumption does not arise they have no cause of action based upon revocation. They even go so far as to announce in the stipulation itself that, "If this presumption does not arise, petitioners concede that they have not stated a cause of action based on revocation."

We have felt some embarrassment respecting the decision properly to be made of the question of presumptive revocation which the attorneys in the case so clearly expect us to settle. But we must recognize that we do not have jurisdiction to decide *de novo* that question for the parties. Neither the court below nor this court was authorized to give any consideration to any agreement of or concession by the parties upon the facts in the case. Stipulations in regard thereto are necessarily to be considered only as to issues joined, and if a plaintiff's petition is properly dismissed because it fails to state a cause of action against a defendant, it is subject to such action because no issue can be joined upon the defendant's denial of such allegations. Pleadings alone constitute the record to be considered in determining the propriety of an order of dismissal for failure to amend pleadings.

Because we have jurisdiction to pass upon the propriety of the action of the trial court in dismissing plaintiffs' suit for refusal to amend their pleadings after the special exceptions were sustained, it does not follow that our jurisdiction embraces the authority to pass upon the merits of plaintiffs' cause of action. A decision of whether or not, under the facts attempted to be stipulated, the plaintiffs would be foreclosed from any recovery, or whether a fact question was raised thereby, would necessarily involve a decision upon the merits. A reviewing court will not pass upon the merits of a case which was dismissed without a decision on the issues involved. Until that question is reached and the trial court has ruled thereupon there would be nothing to review by this court except its action in dismissing the cause. 3-B Tex.Jur., p. 295, "Appeal and Error", sec. 878, "Review as Dependent on Nature of Ruling", and cases cited under the note. See also 3-B Tex.Jur., p. 275, "Appeal and Error", sec. 872, "Theory of Case—Questions Raised and Decided Below"; Phillips v. Hill & Wife, 1848, 3 Tex. 397; Morrow v. Corbin, 1933, 122 Tex. 553, 62 S.W.2d 641.

A decision by the appellate courts upon the question of presumptive revocation must await a proper appeal, in the course of which such courts might become vested with authority to consider the same.

Judgment is reversed and the cause remanded.