Vashti Hoover GARVER and husband,
T. L. Garver,

v.

FIRST NATIONAL BANK OF CANADIAN,
Texas.

No. 7611.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 6, 1966.

Rehearing Denied Oct. 10, 1966.

Crow & Crow, Canadian, J. D. Crow, Canadian, of counsel, for appellants.

William J. Jackson, Canadian, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, J. Hadley Edgar, Jr., Amarillo, of counsel, for appellee.

ON MOTION FOR REHEARING

CHAPMAN, Justice.

This opinion is in lieu of our opinion announced on May 9, 1966. Mrs. Vashti

Hoover Garver initiated this action as plaintiff against the First National Bank of Canadian, Texas, and various oil companies in the nature of a suit upon a sworn account under Rule 185 for her one-fourth of the proceeds from the delay rentals on oil and gas leases which had been forwarded by various oil companies to the bank as depository for the benefit of Mrs. Garver, her sister, Louise Hoover, and her two brothers, Dan B. Hoover and Ed Hoover, Jr., and to cancel the oil and gas leases to the oil companies on the Hoover lands. The Sinclair delay rentals were payable to the four parties just mentioned (including their respective spouses) jointly; Union oil delay rentals were payable to them "as a group;" others were paid to the "credit of the parties shown above;" "persons named;" or "all the parties." The original petition was filed by Mrs. Garver alone. Following the answers of the oil companies a non-suit was taken as to them and a first amended original petition was filed which eliminated them and included T. L. Garver, husband of Mrs. Vashti Hoover Garver, as plaintiff with his wife against the bank alone.

After oral depositions were taken by appellants of H. S. Wilbur, Sr., Chairman of the Board of Directors of the Bank, and Harry Wilbur, Jr., President of the Bank, and after appellee had taken oral depositions of all the Hoover heirs except Louise Hoover, motions for summary judgment were filed both by appellants and appellees. In support of such motion for appellee both of the bank officers made affidavits. J. D. Crow, attorney for appellants, made an affidavit in support of his clients' motion for summary judgment. Additionally, a supplemental petition and an answer to defendants' motion for summary judgment were filed by appellants. Following the filing of all such pleadings, depositions, motions for summary judgments, and affidavits in support thereof, the trial court rendered the following judgment:

"On this 1st day of October, 1965, came on to be heard the motions for summary judgment filed on behalf of plaintiffs and defendant, and the Court is of the opinion that both motions for summary judgment should be denied; and,

"It further appearing to the Court, upon its own motion, after hearing the argument of counsel and considering the pleadings, depositions and admissions on file, together with the affidavits, that plaintiffs have no valid cause of action against defendant, and that plaintiffs' said cause of action should be dismissed;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiffs' lawsuit be and is hereby dismissed; that plaintiffs take nothing of defendant and that defendant go hence its costs without day.

"MADE, RENDERED AND ENTERED this *18th* day of October, 1965, to which action plaintiffs excepted and gave notice of appeal to the Court of Civil Appeals for the 7th Supreme Judicial District sitting at Amarillo, Texas."

From such order and judgment of dismissal appeal is perfected to this court upon a number of points, the first of which asserts error of the trial court " * * * in dismissing plaintiffs' suit upon its own motion without providing plaintiffs an opportunity to amend their pleadings and supply omissions thereof (if any) and without affording the litigants any reason for its action, all of which was an abuse of the allowable discretion granted by the rules."

H. E. Hoover died in 1945 and his wife, Mrs. Bragg Hoover, in 1952, each leaving their sons just named as independent executors of their respective estates without bond. The only other children they left surviving them were the two daughters named above.

The principal question to be answered is: Did the trial court have legal authority to dismiss appellant's alleged cause?

We hold the trial court was without legal authority to dismiss the case upon the record here.

There is no showing of lack of jurisdiction within the purview of Article 5, Section 8, Constitution of Texas, Vernon's Ann.St. for suits of this nature; no right of dismissal shown for lack of prosecution under Rule 330, Section (d) Tex.Rules of Civil Procedure; no showing of ruling for costs and failure to comply under Rule 143, Tex.Rules Civ.Proc., nor have we been cited to any other rule or statute authorizing the court to dismiss upon its own motion.

Appellants pleaded that prior to August 26, 1964, there had been paid by numerous oil companies to bank as depository the sum of $130,300.53, with directions to deposit one-fourth; i. e., the sum of $32,-575.13, to appellant's credit; that the sums paid created to them debts and obligations against Bank which is liquidated and unpaid; that they did not learn such monies were not so placed to their credit until on or about the 27th of August, 1964; that due demand has been made; and that no fact or circumstance excuses the action of appellee from making or being compelled to make payment of said amount and appellants have not condoned, or in any manner agreed that Bank could have done otherwise than make payment of such amount to them. As heretofore stated such pleadings were filed under Rule 185 and sworn to by appellants.

Bank's answer as applicable to such pleadings was: "Defendants specially except to plaintiff's first amended original petition as a whole because same does not allege a cause of action against it." It then pleaded numerous affirmative defenses.

■ The record, except as shown in the judgment itself, does not reveal the bases upon which the case was dismissed, but even if it should be said that a proper special exception was directed to the pleading, and sustained by the court, the case should not have been dismissed without an opportunity given appellants to amend their petition. Harold v. Houston Yacht Club, Tex.Civ.App., 380 S.W.2d 184 (N.W.H.).

The following language in the case just cited appears appropriate for our case:

"Assuming, but without determining that appellant has not pleaded a good cause of action, it would be impossible for any court, without proof or evidence, to say that appellant could not possibly amend his petition so that it would state a good cause of action. The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for want of form or other defectiveness, the party affected must have an opportunity to amend. If he declines to amend, the pleading if insufficient may then be dismissed."

■ It has been held that: "Pleadings alone constitute the record to be considered in determining the propriety of an order of dismissal for failure to amend pleadings." Binz v. Harwood, Tex.Civ.App., 297 S.W.2d 210 (writ ref.). But the record here shows no refusal to amend pleadings, no opportunity to do so, nor even that the case was dismissed because of the failure alone of the pleadings to allege a cause of action. To the contrary, the judgment itself shows that before dismissal the court considered also the " * * * depositions and admissions on file, together with the affidavits."

■ Appellee contends the judgment actually was a summary judgment and it is entitled to cross-appeal from the denial of its motion for summary judgment. It then cites Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 and Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, as authorities for such contention and alleges numerous cross-assignments as defenses to appellants' alleged cause of action.

Since the original opinion was announced herein the Supreme Court of Texas has announced Ackermann v. Vordenbaum, Tex., 403 S.W.2d 362 in which that court

has restricted those cases to the factual situations there involved, holding:

> "Undoubtedly, the rule of practice adopted by Tobin v. Garcia is an exception to the general rule that an order overruling a motion for summary judgment is not subject to review upon appeal.
>
> \* \* \* \* \* \*
>
> "The safer rule is one restricting the Tobin-Garcia doctrine to its factual situation and that disclosed in Gulf, Colorado & Santa Fe Ry. Co. v. McBride, that is, to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them."

Here both motions for summary judgment were overruled and the case dismissed. In Ackermann v. Vordenbaum, supra, just as in our case, the appeal was from an order of dismissal. In each case that order was appealed from instead of an order granting a motion for summary judgment.

Accordingly, the case is reversed and remanded. The court will reinstate the case on the trial court's docket as it was before the court upon its own motion dismissed the case.