**BRAZOS ELECTRIC POWER COOPERATIVE, INC., Appellant,**

v.

**WEATHERFORD INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 17192.**

Court of Civil Appeals of Texas, Fort Worth.

March 5, 1971.

Smith & Segrest, Waco, and J. C. Hinsley, Austin, for appellant.

Roy J. Grogan, Weatherford, and Cecil A. Morgan, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

From an order refusing application for temporary injunction of plaintiff Brazos Electric Power Cooperative, Inc., the plaintiff appealed.

Subject matter of the suit is for injunctive relief. If and in the event the case is tried it will be to test plaintiff's attack upon the Weatherford Independent School District, its Board of Trustees, the Tax Assessor-Collector of the District, and the Board of Equalization for the District. Plaintiff's allegations are: (1) that the District's Tax Assessor-Collector threatened to increase the value of plaintiff's taxable property to a figure stated—above the figure for which plaintiff had rendered the same; (2) plaintiff appeared before the Board of Equalization and offered evidence to establish fair market value and/or in the alternative the intrinsic value of the property in question, which evidence was not contradicted upon the occasion; (3) part and parcel of such evidence consisted of proof that for tax purposes it was and had theretofore been the practice to assess and equalize properties in the District belonging to owners other than the plaintiff at only 35% of the fair market value of such properties, instead of at the 55% of fair market value as represented; (4) that thereafter the Board of Equalization raised and increased the valuation placed upon plaintiff's property to the amount threatened by the District's Tax Assessor-Collector; (5) that said valuation is 55% or more of the property's fair market value; (6) that unless restrained the defendants will proceed as planned, to-wit: to exact taxes of plaintiff based upon 55% of value while taxing other properties in the District on the basis of a 35% value, constituting the continuation of a plan and scheme of taxation followed in former years; and (7) that unless restrained the defendants will assess plaintiff's property, in consequence, in an amount which is grossly excessive in that said amount would be nearly twice as much as plaintiff would be required to pay were its property assessed and equalized on the same basis as that of other property owners.

A similar dispute arose between the parties with respect to 1969 taxes. Brazos Electric Power Coop., Inc. v. Weatherford Ind. Sch. Dist., 453 S.W.2d 185 (Fort Worth Tex.Civ.App., 1970, writ ref., n. r. e.). The present dispute relates to 1970 taxes.

Plaintiff's prayer is that appropriate defendants be restrained and enjoined pending trial on the merits as for permanent injunction from (1) completing the assessment and equalization of its property on the basis of the increased evaluation; (2) from adjourning until there has been abandonment of what is claimed to be an unlawful and unconstitutional scheme of taxation and to have equalized the properties

of plaintiff upon the same percentage of value as that of other property; (3) from preparing and completing the tax rolls of the District upon the basis of what is claimed to amount to acts which are unconstitutional, unlawful and discriminatory; and (4) from attempting to collect taxes from plaintiff for the year 1970 upon the basis of action alleged to be discriminatory, etc.

There is no doubt that plaintiff's pleadings raise issues which, if substantiated by evidence, would at least invoke action on the part of the trial court granting or denying temporary injunction. City of Houston v. Baker, 178 S.W. 820 (Galveston Tex.Civ.App., 1915, error ref.); City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); Atlantic Richfield Co. v. Warren Ind. Sch. Dist., 453 S.W.2d 190 (Beaumont Tex.Civ.App., 1970, writ ref., n. r. e.).

In Baker, supra, 178 S.W. at p. 825, the Court said: "We think that this action was properly brought while the unlawful act is being done, and at a time when it can be corrected with the least inconvenience and injury, rather than that the action should have been delayed until the matter is completed to a point where it cannot be corrected at all or only with great difficulty and confusion."

In response to plaintiff's pleadings Special Exceptions were filed, but they were apparently not presented. The order of the court makes no reference thereto nor to the Plea to the Jurisdiction filed in defendant's behalf. The court entered its order, entitled "Order Refusing Plaintiff's Application For Temporary Injunction". Therein it is recited that plaintiff's application came on to be heard, etc.; that through statements of counsel it appeared that there was no possibility that plaintiff and defendants could agree on any stipulation as to the facts, whereupon the plaintiff's request for the right to put on evidence was overruled by the Court; and "on the basis of the matters which had

been presented to it the Court was of the opinion that the Application for Temporary Injunction by the Plaintiff Brazos Electric Power Cooperative, Inc., should be refused; * * *." Continuing, the Court's order denied and refused plaintiff's application.

The primary complaint of plaintiff is the denial of its right to put on evidence. We consider it elemental that where pleadings in a case raise the issue to be determined on trial the pleader is entitled to present evidence in the form of testimony, etc., as to issues not otherwise resolved. That such right exists is apparent from and by the force of Texas Rules of Civil Procedure 262, and 265 relative to "Order of Proceedings on Trial". It follows from the rationale of the case of Millwrights Loc. Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683 (Tex.Sup., 1968) that such rule would have application to an order denying temporary injunction just as to one which granted such. See other cases annotated under T. R. C. P. 681, "Temporary Injunctions: Notice".

As previously observed, the right of the plaintiff to present evidence at the hearing in question in support of its allegations was denied by the court. Such denial prevented the plaintiff from establishing a proper record upon which to base its appeal. There can be no doubt that the plaintiff is entitled to a hearing before the trial court. The denial of such a hearing requires a reversal and remand by this Court unless such action for some reason would be of no benefit to the plaintiff.

But no such reason appears. If plaintiff had not sought temporary injunction but waived any right to seek such, confining itself to its plea for permanent injunction and delaying until a trial thereof be held, that plan of taxation which plaintiff claims to amount to an illegal and arbitrary plan of taxation might be put into effect with its property encumbered or clouded thereby. Of course we disregard, as we might, the other action to which plaintiff might

have recourse if there be action directly taken against its property (which was not intended according to defendants' representations made at time the hearing had been scheduled). Plaintiff's use of a proper "tool of the trade" of the practice of law —available to it under our procedural rules, adequate for the purpose of securing its legal rights, may not be ignored under the theory that there exists some other "tool" by use of which plaintiff could protect its rights in the future if such should become necessary.

It seems to have been upon some such theory that plaintiff was denied a temporary injunction without opportunity to put on its evidence. From the colloquy between the Court and the attorneys for the parties, shown to us in an instrument erroneously termed the Statement of Facts, it seems that Court and adverse counsel considered it unlikely and improbable that anything could occur prejudicial to plaintiff in any disturbance of what they undoubtedly deemed the *status quo*; and further, that in such event the plaintiff could come back into court and obtain appropriate relief.

The reasoning is faulty. If plaintiff had not taken its appeal from the order refusing temporary injunction this Court would not have possessed any appellate jurisdiction, with the ancillary authority incident thereto in its protection. Even if there were no other reason the entry of the order denying temporary injunction, accompanied refusal of plaintiff's proffered evidence, is demonstrably prejudicial to plaintiff. That there are other reasons as well is obvious from the previously cited case of City of Houston v. Baker, supra.

Questions incident to determination of plaintiff's asserted right to temporary injunction may not become moot and pointless as of no benefit to plaintiff until the time there is a trial of the case on the merits, as for permanent injunction.

Judgment is reversed, with the cause remanded.