Dan **SULLIVAN**, Appellant,

v.

**ANDREWS INDEPENDENT SCHOOL DISTRICT**, Appellee.

No. 6176.

Court of Civil Appeals of Texas, El Paso.

Sept. 22, 1971.

Rehearing Denied Oct. 20, 1971.

Dan Sullivan, Andrews, for appellant.

G. Bert Smith, Jr., Robert E. Barber, Andrews, for appellee.

## OPINION

WARD, Justice.

Appellant individually and as representative of the ad valorem taxpayers and property owners within the Andrews Independent School District filed this suit seeking a writ of mandamus to compel the school district to place bank stock on the tax rolls and to enjoin the school district from putting its tax plan into effect until such property was included on the tax rolls and to enjoin the payment of certain attorney's fees by virtue of an alleged illegal contract. The trial Court at pre-trial hearing, dismissed the suit, and we reverse the judgment of the trial Court.

The suit alleged that the tax scheme or plan for the year 1970 was fundamentally and constitutionally erroneous, unequal and discriminatory for the reason that the school district had consciously and deliberately exempted from taxation, the capital stock of the two banks in Andrews having an actual market value of approximately $2,000,000.00. Not only did the Appellant seek to have the bank stock placed on the tax rolls for the year 1970, but relief was sought for subsequent years thereafter. The Appellant also filed amended pleadings alleging that the school district had employed an attorney to defend the original mandamus action filed by the Appellant

and that this employment contract would involve an illegal expenditure of public funds as three of the seven members of the board of trustees who participated in the action of the board in employing an attorney were at the time, stockholders in the affected banks and as such, had a direct financial or pecuniary interest in the official act of the board as the hiring of the attorney had the effect of spending public funds to protect their own individual bank stock from school taxation.

Special exceptions were filed challenging the Appellant's petitions for failing to show in what respect the taxing plan is fundamentally and unconstitutionally erroneous, unequal and discriminatory; for failure to allege with particularity, the extent the Plaintiff would suffer substantial injury or facts which make the Appellant's taxes excessive; that Appellant by specially limiting his complaint at the present time to the effect that he is not attempting to impose new taxes on any person but merely is attempting to require that the bank stock be taxed rather than requiring that all personal property holders be taxed is in itself a discriminatory and illegal request.

The matter came to trial in the District Court of Andrews County. Prior to any announcement by either party in the cause, the trial Judge directed counsel for all parties into chambers for a pre-trial conference. At such pre-trial conference, the Court proceeded to examine the Tax Assessor-Collector for Andrews Independent School District and the Appellant to determine if any other items of personal property, other than bank stock, were being exempted by the School District from taxation. He found that the following items were not being taxed; trailer houses, furniture, automobiles, jewelry, personally owned stock, tools of trade, savings and loan stock, and bank deposits. The Court then ordered the Appellant to amend his pleadings not only for the 1970–1971 tax year but for future years to include everything not being taxed which should be le-

gally taxable, informing Appellant that the ruling was being made to avoid the multiplicity of lawsuits against the school district. Upon the Appellant's refusal to amend, the cause was dismissed and the following order was entered:

"On the 9th day of September, 1970, prior to any announcement in the above entitled and numbered cause, the Court summoned counsel for all parties hereto into chambers for a Pre-Trial Conference and at such Pre-Trial Conference, the Court proceeded to examine David F. Robinson, the Tax Assessor-Collector for Andrews Independent School District, and Dan Sullivan, Plaintiff, and after considering such testimony, together with all of the pleadings on file herein, ordered Plaintiff to amend his pleadings to include all property not being taxed which is legally taxable in Andrews County by Andrews Independent School District for the year 1970–1971, and future years, whereupon Plaintiff announced that he would refuse to amend his pleadings as directed by the Court:

It is therefore Ordered, Adjudged and Decreed by the Court that the above entitled and numbered cause is hereby dismissed * * *."

We hold that the trial Court was without legal authority to dismiss the case upon the record before us. The rule is stated in Garver v. First National Bank of Canadian, 406 S.W.2d 797 (Tex.Civ.App., Amarillo, 1966, writ ref, n. r. e.) as follows:

"There is no showing of lack of jurisdiction within the purview of Article 5, Section 8, constitution of Texas, Vernon's Ann.St. for suits of this nature; no right of dismissal shown for lack of prosecution under Rule 330, Section (d) of Tex.Rules of Civil Procedure; no showing of ruling for costs and failure to comply under Rule 143, Tex.Rules Civ.Proc., nor have we been cited to any other rule or statute authorizing the court to dismiss on its own motion."

■ The Appellee hardly attempts to justify the reasoning of the trial Court but mainly seeks to uphold the order of dismissal on the basis that at the date of the hearing, the tax plan was already in effect and at that time, the Appellant was not entitled to the relief prayed for. To that argument, the following can be applied from Harold v. Houston Yacht Club, 380 S.W.2d 184 (Tex.Civ.App. Houston 1964, n. w. h.):

"Assuming, but without determining, that appellant has not pleaded a good cause of action, it would be impossible for any court, without proof or evidence, to say that appellant could not possibly amend his petition so that it would state a good cause of action. The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for want of form or other defectiveness, the party affected must have an opportunity to amend. If he declines to amend, the pleading if insufficient may then be dismissed."

The Appellant's brief demonstrates to us that the Appellant is well aware of the possible difficulties that he faces in his proof. Undoubtedly where the tax plan is already in effect, the Appellant's task becomes more onerous than where the plan has not yet been put into effect. However, the Appellant's pleadings contemplate both situations. Even if the plan was in effect, the Plaintiff is entitled to present evidence at the hearing in support of his allegations and the dismissal prevented the Plaintiff from establishing a proper record upon which to base his appeal. He is entitled to a full hearing before the trial Court. Brazos Electric Power Corp. v. Weatherford Ind. School Dist., 464 S.W.2d 950 (Tex. Civ.App. Ft. Worth 1971). It may well be that the Appellant had determined that he could not provide the necessary proof on the other items which were not taxed and could not secure any relief. As an example, the difficulty of attempting to tax bank deposits is pointed out by the majority and minority opinions in Wilson v. City

of Port Lavaca, 407 S.W.2d 325 (Tex.Civ. App.1966, Corpus Christi, ref, n. r. e.).

■ We feel that the Appellant has presented a cause of action as to the bank stock. The fact that there might be some eight additional causes of action available is no justification for the trial Court to order their inclusion over the Appellant's objection where there has been no proof that these other causes of action might ever be filed.

Having determined that the Appellant was entitled to proceed to trial on his petition in so far as it relates to the taxation matters, we do not feel it is necessary at this time to discuss that part of the petition alleging a separate cause of action as to alleged illegality of the attorney's contract. Let that matter be more fully developed.

The case is reversed and remanded with instructions that the trial Court reinstate the case on its docket.

RAMSEY, C. J., not sitting.