**BEE JAY CORPORATION, Appellant,**

v.

**FORT WORTH NEUROPSYCHIATRIC HOSPITAL, INC., Appellee.**

No. 17862.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 13, 1977.

Staples & Foster and Ross T. Foster, Hurst, for appellant.

Garrett & Burkett and Michael R. Burkett, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Breach of contract suit in which Bee Jay Corporation sued Fort Worth Neuropsychiatric Hospital, Inc. Bee Jay claimed Hospital had violated a sales contract, for which Bee Jay demanded damages.

Hospital filed: (1) a plea in abatement;
(2) an answer; and
(3) a motion for summary judgment.

After hearing Hospital's motion for summary judgment, the trial court dismissed the cause without prejudice to Bee Jay's right to refile.

We reverse and remand.

Bee Jay sold to Hospital real estate and alleged that as a part of the sales contract it was to have the monthly rent of a lease contract with Bernard Dolenz on a part of such realty for the balance of its five-year term. Bee Jay complains that Hospital ejected Dolenz to its damage in the loss of the lease money.

We do not have a statement of facts submitted in this matter. We do have a "Stipulation of Facts" filed which stipulates:

1. That the only *written* lease agreement existing between Plaintiff, BEE JAY CORPORATION, and Bernard J. Dolenz is that agreement attached as Exhibit "B" to the Plaintiff's Original Petition on file herein.

2. That the removal of Bernard J. Dolenz as complained of in this cause of action occurred through and as the result of that forcible entry and detainer action entitled *Fort Worth Neuropsychiatric Hospital, Inc. v. Bernard J. Dolenz*, being Cause No. 73–72461, in the County Court at Law of Tarrant County, Texas.

3. That judgment was rendered in the said Cause No. 73–72461, and that such judgment was not appealed and was final prior to the institution of this cause of action.

Bee Jay asserts that the trial court entered the judgment appealed here on its own motion and thereby erred. Bee Jay states that the only motion before the trial court was Hospital's motion for summary judgment which could not have been rendered as a dismissal without prejudice of Bee Jay to refile. Therefore, Bee Jay claims the court rendered the judgment on its own motion, without any legal basis to do so. Bee Jay reasons that a court may dismiss a cause on its own motion only where:

(1) There is lack of jurisdiction either of subject matter or parties;

(2) Lack of prosecution;

(3) Failure to comply with a rule for cost; or

(4) Some other specific statutory authority.

Citing *Sullivan v. Andrews Independent School District*, 471 S.W.2d 664 (Tex.Civ. App.—El Paso 1971, writ ref'd n. r. e.).

Hospital in its brief adds:

(5) Lack of jurisdiction amount;

(6) Case calls for an advisory opinion only; and

(7) Prior suit pending.

■ Since the judgment recites that trial court heard "the Motion for Summary Judgment filed by the defendant" hospital and "after hearing argument of counsel and considering the pleadings and other matters on file with the court herein, stipulations of the parties and the attachments to said Motions for Summary Judgment, . . .. That no material issue of fact with regard thereto exists and that said Judgment of Dismissal Without Prejudice should be entered as a matter of law."

We must conclude the trial court was granting a summary judgment and we must rule accordingly.

■ In a summary judgment proceeding the burden of proof is on the movant (Hospital) and all doubts as to the existence of a genuine issue as to a material fact must be resolved against him and the evidence must be viewed in the light most favorable to the party opposing the motion. Tex.R.Civ.P. 166–A.

Even if all of the items considered by the trial court were admissible, there would remain a genuine and material fact issue as to what was the correct description of the property involved. Exhibit "A" of plaintiff's petition describes it as "Lot 6 and the North ½ of Lot 7, *Block 4*, McCLELLAN'S SUBDIVISION of Block 14, Field-Welch Addition to the City of Fort Worth." Exhibit "B" of the same petition identifies it as "Lot 7–8 *Block 3* McClelland."

A copy of a judgment purporting to be out of the County Court at Law of Tarrant County, relied upon by Hospital to prove a plea in abatement, recited the property description as "W 52′ of *Lot 14* . . . of Block 4/15 of the Welch Addition."

There are material facts to be resolved.

Reversed and remanded.