Daniel L. HAWKINS, Appellant,

v.

Jack FRANKLIN et al., Appellees.

No. 5177.

Court of Civil Appeals of Texas, Eastland.

June 8, 1978.

Rehearing Denied June 29, 1978.

Arthur Mitchell and Robert A. Miller, Mitchell, George & Belt, Austin, for appellant.

Don R. Wilson, Abilene, for appellees.

BRADBURY, Justice.

This is an appeal from an order of the trial court dismissing the cause of action brought by appellant, Daniel L. Hawkins, individually, and his stockholder's derivative action on behalf of Abilene Tube & Channel, Inc., against appellees, Jack Franklin, D & J Operating, Inc. and Abilene Tube & Channel, Inc.

Appellees answered appellant's original petition with their plea in abatement, special exceptions, and original answer. After filing his first amended original petition appellant filed his motion for nonsuit as to his stockholder's derivative action. This was granted on December 27, 1977. Thereafter the court entered the following order of dismissal:

"ON THIS, the 17th day of January, 1978, the Court having considered the

Motion of the Defendants, JACK FRANKLIN, D & J OPERATING, INC. and ABILENE TUBE & CHANNEL, INC., for Judgment, as well as the Motion for Non-Suit of the Plaintiff, DANIEL L. HAWKINS, which said Motion for Non-Suit was granted by the Court on the 27th day of December, 1977; and the Court, having read the pleadings, considered the evidence, and after hearing argument of counsel, is of the opinion that the pleadings of the Plaintiff, DANIEL L. HAWKINS, are insufficient to state a cause of action, other than a derivative stockholder's suit, and that the Order for Non-Suit, heretofore entered, should operate as a dismissal of the entire cause, without prejudice to Plaintiff's right to refile same:

It is, therefore, ORDERED, ADJUDGED AND DECREED that this cause be, and the same is, hereby DISMISSED against the Defendants, ABILENE TUBE & CHANNEL, INC., JACK FRANKLIN and D & J OPERATING, INC., without prejudice to Plaintiff's right to refile same, with costs adjudged against the Plaintiff, for which let execution issue,"

It is from this order that this appeal has been perfected.

The relevant parts of appellant's first amended original petition are as follows:

"II.

At all times herein Plaintiff was a stockholder in Abilene Tube & Channel, Inc., and until April 15, 1977 was a stockholder in D & J Operating, Inc. Defendant Jack Franklin was at all times herein a stockholder, officer and director of Defendants Abilene Tube & Channel, Inc. and D & J Operating, Inc. Due to their respective positions in Abilene Tube & Channel and D & J Operating, Inc., there existed a fiduciary relationship between Plaintiff Hawkins and Defendant Franklin.

III.

Defendant D & J Operating, Inc. was originally constituted as a partnership between Plaintiff Hawkins and Defendant Franklin. The fiduciary duty between the partners continued after the incorporation.

IV.

Defendant Franklin has breached the fiduciary relation that existed with Plaintiff Hawkins by conspiring with Defendants D & J Operating, Inc. and Abilene Tube & Channel to destroy Plaintiff Hawkins minority interest in Defendant Abilene Tube & Channel. To that end Defendants have:

1) created false and fraudulent obligations of Abilene Tube & Channel, Inc.;

2) appropriated the assets of Abilene Tube & Channel, Inc.;

3) precluded Plaintiffs' rightful participation in management of Abilene Tube & Channel, Inc.;

4) threatened to and will collapse Abilene Tube & Channel, Inc. to the extent that the minority stockholder, Plaintiff Hawkins, is and will be without earnings;

5) siphoned off all of the earnings of Abilene Tube & Channel, Inc. to the extent that the minority stockholder, Plaintiff Hawkins, is and will be without earnings;

6) refused to enforce contracts for the benefit of Abilene Tube & Channel, Inc.;

7) looted the treasury of D & J Operating, Inc. as well as Abilene Tube & Channel, Inc. to the destruction of their solvency and ability to meet their current obligations;

8) undertaken to create a subsidiary and/or holding company as a maneuver and squeeze-out play to destroy Plaintiffs' interest in Abilene Tube & Channel, Inc.;

9) done many other wrongful acts amounting to a squeeze-out and destruction of Plaintiffs' interest in D & J and Abilene Tube, all of which are well known to Defendant Franklin;

All to Plaintiff Hawkins damage in the amount of $500,000.

V.

On or about April 15, 1977, Plaintiff Hawkins sold his interest in D & J Oper-

ating, Inc. to Defendant Franklin. Defendant Franklin breached his fiduciary duty to Plaintiff Hawkins by not disclosing the true financial position of D & J Operating, Inc. Defendant Franklin did not reveal that what Plaintiff Hawkins had believed were capital contributions to Abilene Tube & Channel were going to be transformed into loans by Defendant Franklin. Plaintiff Hawkins has been damaged by this breach of fiduciary duty in the amount of $500,000.

## VI.

Defendant Franklin as an officer of Abilene Tube & Channel breached his fiduciary duty to said corporation and its stockholders by creating false and fraudulent obligations of Abilene Tube & Channel for his own personal benefit. Defendant Franklin created false and fraudulent obligations of Abilene Tube & Channel, Inc. in favor of D & J Operating, Inc., a company wholly owned by Defendant Franklin at the time the false obligations were created. Plaintiffs have been damaged in the amount of $500,000 by this breach of fiduciary duty."

Appellant argues that Paragraphs IV and V stated individual causes of action. Appellees urge that all of appellant's allegations are derivative in character except as set out in Paragraph V. Appellees argue, however, that Paragraph V does not constitute a ground for recovery because it "is inconsistent with the other pleadings and is destroyed by the exhibits and evidence presented by Appellant". The order of dismissal is a judgment on the pleadings.

When dismissal is without prejudice, as in the instant case, it is not on the merits. *Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement Dist. No. 1*, 5 S.W.2d 606 (Tex.Civ.App.—El Paso 1928, writ dism'd). We cannot consider the merits of appellant's cause of action, but only whether his pleadings are sufficient to assert a cause of action.

In *Binz v. Harwood*, 297 S.W.2d 210 (Tex. Civ.App.—Fort Worth 1956, writ ref'd), the court stated:

". . . A reviewing court will not pass upon the merits of a case which was dismissed without a decision on the issues involved. Until that question is reached and the trial court has ruled thereupon there would be nothing to review by this court except its action in dismissing the cause . . ."

Appellees attempt to sustain the trial court's judgment by arguing that the exhibits and evidence show that appellant does not have a meritorious cause of action. We cannot consider the merits of the case and are limited to determining if the pleadings assert a cause of action. We hold that appellant in Paragraph V of his first amended original petition alleged an individual cause of action. Our Supreme Court in *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594 (Tex.1963) stated:

"It is a general rule, so well established as to need no citation of authority, that the petition will be construed as favorably as possible for the pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated . . ."

The judgment of the trial court is reversed and remanded.