Chester R. MORRIS, Appellant,

v.

Lawrence HARGROVE, Appellee.

No. 10891.

Court of Civil Appeals of Texas.

Austin.

Nov. 1, 1961.

Rehearing Denied Nov. 29, 1961.

Chester R. Morris, San Antonio, for appellant.

Will Wilson, Atty. Gen., Lawrence Hargrove and Pat Bailey, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is a suit for damages for malicious prosecution, a prior petition sought damages for libel and was abandoned.

The plaintiff declared he had been damaged to the extent of $1,200 by a statement made by defendant in a prior suit styled Chester R. Morris v. Sam Hoerster and John T. Middleton, Tex.Civ.App., 348 S.W. 2d 642, in which plaintiff sought the production and inspection of certain medical records concerning examinations of plaintiff while he was confined at the Austin State Hospital in 1956, having been admitted February 2, 1956 and dismissed March 15, 1956.

The complained of paragraph was in an answer filed by the defendant, as an Assistant Attorney General, on behalf of Sam A. Hoerster, Superintendent of the Austin State Hospital, and John F. Middleton, Chief of Social Service at the hospital, which reads:

"That the disclosure of the above-mentioned information to the Plaintiff will in reasonable probability seriously and adversely affect the Plaintiff's mental and emotional health. In this connection Defendants would show that it is the general medical practice at Austin State Hospital not to disclose information of the sort mentioned above to patients or former patients whose diagnosis and course of treatment are as in the Plaintiff's cause, and that this practice, as with all other therapeutic measures, is motivated by a desire to foster the welfare and restoration to health of the patient."

A motion for summary judgment was made by appellee on the grounds that there was no genuine issue as to any material fact; that if the allegations of fact made by plaintiff in his original petition be taken as true, plaintiff would have made no showing of any legal wrong or injury committed against him by defendant and is without cause of action, for the reason that:

(1) That the civil suit upon which recovery is sought was instituted by the plaintiff and terminated in favor of the defendants therein, and alternatively (2) Plaintiff's alleged cause of action is unknown to the laws of this State.

This motion was granted. The Trial Court denied appellant's motion for summary judgment and judgment was entered that plaintiff take nothing.

In the instant case appellant declared on damages for libel, which was adjudicated in favor of appellee. Appellant then sought to recover on the basis of malicious prosecution.

Appellee, as a ground for a second motion for summary judgment, asserted that there were certain elements essential to a cause of action for malicious prosecution, i. e. (1) a legal proceeding instituted against plaintiff by the defendant and a termination of such proceeding in favor of plaintiff, and (2) that such were not present in the undisputed facts of this case and plaintiff was not entitled to recovery for malicious prosecution.

Malicious prosecution is the instituting of a criminal prosecution or a civil suit filed maliciously and without probable cause.

28 Tex.Jur., Malicious Prosecution, Secs. 2, 4 and 7.

The suit which appellant here claims to have been maliciously prosecuted against him was instituted by appellant and had not terminated in plaintiff's favor but was on appeal when the present suit was brought.[1]

1. The case was reversed and remanded by this Court. Morris v. Hoerster, Tex.Civ.App., 348 S.W.2d 642, error ref., N.R.E.

**668**

Appellant filed his motion for summary judgment, seeking a judgment in his favor. There is no dispute as to the facts and the appellee was entitled to judgment as a matter of law.

Rule 166-a, Texas Rules of Civil Procedure; Johnson v. State Board of Morticians, Tex.Civ.App., 288 S.W.2d 214, no writ history.

 The Court did not err in denying leave to appellant to amend his petition after summary judgment had been rendered against him on his claim for libel. The amendment was not to ask any damages for libel or slander but for damages for malicious prosecution. The amendment came too late as judgment had been rendered against appellant on his claim for libel and appellant could not have alleged a recoverable cause of action and even if error, such was harmless since a full hearing was had on the pleadings on March 1, 1961 and summary judgment rendered thereon.

Warren v. Ward Oil Corp., Tex.Civ.App., 87 S.W.2d 501, error dism.; 8 Tex.Jur.Sup. 137.

 Appellant filed special exceptions to appellee's second motion for summary judgment on the grounds that the allegations were irrelevant, because the rule that a proceeding upon which a cause of action for malicious prosecution is based be terminated favorable to plaintiff is not without exception; that the cause is not based on the proceedings in cause No. 118,818 as a whole, but based on the statement hereinabove set out, and the final outcome in said cause No. 118,818 has no bearing on plaintiff's claim. These exceptions were overruled and properly so.

There was no error in denying appellant's motion for summary judgment, the Court having concluded that appellant was not entitled to a judgment as a matter of law.

 Appellant sought to recover damages for an allegedly libelous written state-

ment admittedly made by appellee as part of a motion filed in a pending suit, appellee being an attorney for the defendants in such suit. Since there was no issue as to the making of the statement, such statement could not form the basis for a libel action. The statement was privileged and no remedy exists in a civil action.

Reagan v. Guardian Life Insurance Co., 140 Tex. 105, 166 S.W.2d 909.

Finding no reversible error the judgment of the Trial Court is affirmed.

Affirmed.