**CITY OF WACO, Appellant,**

v.

**TEXAS COFFIN COMPANY, Appellee.**

**No. 5031.**

Court of Civil Appeals of Texas, Waco.

Oct. 21, 1971.

Rehearing Denied Nov. 18, 1971.

Earl Bracken, Jr., City Atty., Albert R. Kuehl, Asst. City Atty. (Tony E. Duty, Waco, of counsel), for appellant.

Sheehy, Cureton, Westbrook, Lovelace & Neilsen, Waco, for appellee.

OPINION

JAMES, Justice.

Plaintiff Texas Coffin Co. filed this suit against the City of Waco to recover damages to its property caused by the construction by the City of a viaduct on 17th Street, on which street plaintiff's property abutted. Plaintiff contended its property was damaged due to a loss of access at ground level to the public street system, the damages being sought under Article 1, Section 17 of the Constitution of the State of Texas, Vernon's Ann.St. The viaduct began at the south right of way line of Franklin Avenue and ended on the north right of way line of Webster Avenue, spanning Jackson and Mary Streets, Jackson being used only as a railroad right of way and Mary being used both as a rail-

road right of way and for vehicular traffic. Plaintiff's property is bounded on the west by 18th Street, on the north by Mary Avenue, on the east by 17th Street, and on the south by Jackson Avenue. With the exception of approximately one-fourth of said block, comprising its northeast corner (owned by Texland Corporation) the entire block is owned by Plaintiff-appellee. A schematic diagram is attached herewith to show the subject property and environs thereof, as well as the locations of other pieces of property involved in companion-type cases as follows:

[A4538]

Construction was begun on the viaduct on November 10, 1961, and it was completed on October 12, 1962. Plaintiff's suit was filed December 10, 1962.

Companion cases had been tried previous to the instant case, all of which had been decided by the Supreme Court as follows:

(1) DuPuy v. City of Waco (Sup.Ct. 1965) 396 S.W.2d 103, rehearing denied December 15, 1965.

(2) Archenhold Automobile Supply Co. v. City of Waco (Sup.Ct.1965) 396 S.W. 2d 111, rehearing denied December 15, 1965.

(3) City of Waco v. Texland Corp. and W. M. Kelly (Sup.Ct.1969) 446 S.W.2d 1, rehearing denied November 12, 1969.

Trial in the instant case was by jury, which found plaintiff's property had been reduced in value by $75,000.00 as a result of the construction of the viaduct, and pursuant to this verdict the trial court rendered judgment in favor of plaintiff against the City for $75,000.00 plus interest at 6% per annum from November 10, 1961 and costs.

Eight days before the trial, the City filed its Motion to Dismiss this suit for want of prosecution and abandonment, contending the cause had lain dormant for eight years, and that no discussions concerning the case had been had for over five years prior to the setting of the case for trial. The trial court after having conducted a hearing on this motion, overruled same.

■ The City assigns as error that the trial court abused its discretion in overruling this Motion to Dismiss. We do not agree.

This suit was one of several cases filed by property owners in the latter part of 1962 and the first part of 1963 against the City seeking to recover damages because of the erection of the viaduct in question. Hon. Wiley W. Stem, Jr., who was City Attorney at the time, called a conference of the attorneys involved in the cases and suggested that the plaintiffs select two cases to try first, so they could be taken to the Supreme Court to determine whether or not there was any liability on the part of the City for damages in such a viaduct-type situation as this. Mr. Stem further stated that all the other cases would be held pending until the Supreme Court ruled on the first two cases; and if it was determined the City was liable, then an attempt would be made at that time to settle the remaining cases.

*DuPuy* and *Archenhold* were the two cases tried first which went to the Supreme Court. In *DuPuy* the property owner was allowed to recover; however, in *Archenhold* the property owner was denied recovery. Rehearings were denied by the Supreme Court on both these cases December 15, 1965.

Plaintiff's attorney then talked to the City Attorney (who was then Hon. Thomas R. Hunter) with a view of settlement; however, this City Attorney claimed the question of the City's liability had not been settled and would not negotiate settlement. Then the *Texland* and *Kelly* cases were tried, in which the City contended it was not liable, and in both of which cases the City was adjudged to be liable, and rehearing was denied by the Supreme Court on November 12, 1969. These last two cases settled the question of the City's liability, insofar as the instant case is concerned. However, the question of the City's liability was not settled until the Supreme Court completed the *Texland* and *Kelly* cases in November, 1969. It was to the best interest of the plaintiff as well as the City that the liability question be settled before putting the parties to the trouble and expense of trying this case. Plaintiff's attorney has demonstrated diligence throughout the period of time in question; and we do not believe the trial court abused its discretion, but acted properly in overruling the City's Motion to Dismiss. The delay was reasonable and was explained.

**804**

A motion to dismiss a cause is a matter ordinarily addressed to the sound judicial discretion of the trial court, and his action should not be disturbed except upon a clear showing that he has abused his discretion. Howeth v. Davenport (San Antonio CA 1958), 311 S.W.2d 480, writ of error refused, no reversible error, citing a number of cases in syllabus 1.

A case should not be dismissed on the ground of abandonment unless such abandonment clearly appears. Merrill v. Dunn (El Paso CA 1940) 140 S.W.2d 320, error dismissed, judgment correct, citing for this proposition Loftus v. Beckman (Tex.Comm.App.) 1 S.W.2d 268 and American Indemnity Co. v. McCann (Tex.Comm. App.) 45 S.W.2d 174.

Appellant's first point is accordingly overruled.

By its second point Appellant contends the court erred in permitting Plaintiff-appellee to increase the amount of damages sued for from $75,000 to $125,000 after a lapse of eight years. Plaintiff's original petition filed in 1962 sued for $75,000. Then on February 24, 1971, Plaintiff's First Amended Original Petition was filed suing for $125,000. Trial began March 8, 1971. The jury fixed the damages at $75,000.

We overrule this contention, because Plaintiff's First Amended Original Petition was filed more than seven days before trial. Rule 63, Texas Rules of Civil Procedure, provides that parties may amend their pleadings as long as such action does not operate as a surprise to the opposite party. This right is mandatory and a matter of right. M. C. Winters, Inc. v. Lawless (Dallas CA 1966) 407 S.W.2d 275, error dismissed. Moreover, Plaintiff's Original Petition asked for $75,000 and the jury's award was $75,000; therefore, we cannot see how Appellant-defendant could possibly have suffered harm.

Appellant's third point complains of the trial court's awarding interest at 6%

per annum on the judgment from November 10, 1961, the date construction commenced on the viaduct in question. From this last named date the access to Texas Coffin property was affected; that is to say, November 10, 1961 was the date the damage to the real estate was inflicted. The trial court properly commenced interest from this date, and this point is overruled. State v. Hale (Sup.Ct.1941) 136 Tex. 29, 146 S.W.2d 731; City of Sweetwater v. McEntyre (Eastland CA 1950) 232 S.W.2d 434, writ refused no reversible error.

We have carefully considered Appellant's fourth and fifth points, and conclude that they do not show error.

Judgment of the trial court is accordingly affirmed.