INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 278, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY et al., Appellees.

No. 766.

Court of Civil Appeals of Texas, Corpus Christi.

June 21, 1973.

Rehearing Denied July 31, 1973.

Edwards & DeAnda, David L. Perry, Corpus Christi, for appellant.

Dyer, Redford, Burnett, Wray & Woolsey, J. M. Burnett, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment of dismissal of an application for temporary injunction rendered against International Brotherhood of Electrical Workers, Local Union No. 278, plaintiff below and appellant herein, in favor of Southwestern Bell Telephone Company, Western Electric Company, Ron Maples and Bob Gray, as defendants below, and Communications Workers of America, AFL–CIO, as intervening defendant below, all of whom are appellees herein. Plaintiff sued to enjoin defendants from violating the City of Corpus Christi Electrical Code and Electrical Licensing Ordinance.

Plaintiff's original petition was filed on July 18, 1972, seeking a temporary and per-

manent injunction against the telephone company and its district manager, Ron Maples, and the electric company and its construction superintendent, Bob Gray. At the hearing, August 14, 1972, on IBEW's (plaintiff) application for temporary injunction, the trial court sustained defendants' special exceptions numbered 1, 2 and 3 to IBEW's pleadings, denied IBEW's motion for leave to amend and dismissed the case.

In its original petition, IBEW alleged that the defendants were installing electrical equipment at the telephone company's building in Corpus Christi without obtaining a permit as required by the Corpus Christi Electrical Code, being Corpus Christi Ordinance No. 10832, and that the persons so installing were not licensed as required by the Electrical Licensing Ordinance of the City of Corpus Christi, being Ordinance No. 9499.

IBEW purported to sue as representative of a class consisting of journeymen electricians licensed by the city under its electrical licensing ordinance. The petition further stated that IBEW adequately represents such class and sues under the provisions of Rule 42, Texas Rules of Civil Procedure, to enforce a common right of the members of such class. The petition has neither the licensing ordinance nor the electrical code attached nor were such there pled in full. However, IBEW does say in its petition that the licensing ordinance makes it unlawful for any person, without a license, to "engage in the business of" or to "undertake to execute" the work of installing or working on equipment for which a permit is required by the electrical code. According to the petition, the electrical code makes it unlawful for anyone to "install or cause to be installed, or permit any person to install" any equipment covered by the code without obtaining a permit from the city electrical inspector.

IBEW pleads that the telephone company had contracted with the electric compa-

ny to install the electrical equipment and that the electric company was installing without a permit and with unlicensed personnel.

The petition further asserts that the installation is unsafe; that it violates the National Electrical Code which has been adopted by reference by the city code; and that such installation would constitute a continuing danger to all persons who might come upon the premises, specifically including members of the plaintiff-class. Plaintiff, IBEW, then alleges that the employment of unlicensed persons to compete directly with the plaintiff-class works immediate and irreparable harm to the class of licensed journeymen represented by the plaintiff.

The foregoing are essentially the allegations on which IBEW sought injunctions to restrain violations of the ordinances.

On August 14, 1972, the date set for the hearing (after postponements of one setting and a resetting) on plaintiff's application for a temporary injunction, the defendant electric company and Gray filed detailed special exceptions, encompassing eleven pages. On the same date, the defendant telephone company and Maples filed identical special exceptions. The thrust of the three special exceptions, sustained by the trial court, is that IBEW as an unincorporated association has "no standing" to sue for injunction because: IBEW is not a member of the class it purports to represent; neither IBEW nor any member of the class which it purports to represent has any vested property rights which are the subject of this suit; and IBEW cannot seek in a court of equity enforcement of penal ordinances.

█ In its point one, IBEW complains of the trial court's action in denying it the right to amend the original petition following the sustaining of special exceptions.

The courses that were open to IBEW after the defendants' special exceptions

were sustained by the trial court are set out in McCamey v. Kinnear, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, n. r. e.) at page 152:

"When special exceptions addressed to a pleading are sustained, the party has two options available to him: (a) he may amend to meet the exceptions and *this he may do as a matter of right;* or, (b) he may stand upon his pleadings, refuse to amend, and test the validity of the ruling upon appeal." (Emphasis supplied).

As authority for this holding, the court in *McCamey* cites Harold v. Houston Yacht Club, 380 S.W.2d 184, 186 (Tex.Civ. App.—Houston 1964, no writ); Farris v. Nortex Oil & Gas Corporation, 393 S.W.2d 684, 690 (Tex.Civ.App.—Texarkana 1965, n. r. e.); and M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275, 277 (Tex.Civ.App.— Dallas 1966, dismissed). IBEW attempted to follow the first option of amending to meet the exceptions. But leave to amend was denied by the trial court in its order which stated in part:

"The Court being of the opinion that the Special Exceptions which have been sustained by the Court cannot be cured by Amendment and that the filing of an Amendment would serve no useful purpose;"

That action by the trial court was taken the same day (August 14, 1972) that the application on the temporary injunction was to be heard; the same day the defendants' special exceptions were filed; and the same day the special exceptions were sustained. Further, on that same day, the trial court rendered judgment dismissing as to all defendants "without leave to amend" as to the plaintiff. This was error.

■ The appellees contend the trial court's action of dismissal was correct in that the plaintiff is not a member of the class it purports to represent. They fur-

ther assert that equity will not enjoin violation of a penal ordinance. This is the general rule. Featherstone v. Independent Service Station Ass'n, 10 S.W.2d 124, 127 (Tex.Civ.App.—Dallas 1928, no writ). However, as pointed out in *Featherstone,* it is well settled that equity will interfere to protect civil or property rights even though the enjoining of the violation of a penal offense may result. If the local association, IBEW, is not entitled to sue in its own name as the representative of a class, then IBEW should have been allowed to amend so that its individual members could be named as plaintiffs and by amendment show wherein property rights of its members were in need of protection. The members of IBEW were entitled to attempt to bring themselves within the holding of *Featherstone,* which reasoning has been approved by the Supreme Court in Board of Ins. Com'rs v. Title Ins. Ass'n of Texas, 153 Tex. 574, 272 S.W.2d 95, 98 (1954).

Under the facts and circumstances of the present case we deem appropriate the language set out at page 186 in *Harold,* supra, as follows:

". . . Assuming, but without determining, that appellant has not pleaded a good cause of action, it would be impossible for any court, without proof or evidence, to say that appellant could not possibly amend his petition so that it would state a good cause of action. The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for want of form or other defectiveness, the party affected must have an opportunity to amend. . . ."

To the same effect see Garver v. First National Bank of Canadian, 406 S.W.2d 797 (Tex.Civ.App.—Amarillo 1966, n. r. e.); Sullivan v. Andrews Independent School District, 471 S.W.2d 664 (Tex.Civ.App.— El Paso 1971, n. r. e.). Appellant's point one is sustained.

It is not necessary to pass on appellant's other points of error.

The judgment of the trial court is reversed and the cause is remanded for trial.