**Hubert TRIAL d/b/a Old Fort Trading Post, Appellant,**

v.

**Don McCOY, Appellee.**

No. 6783.

Court of Civil Appeals of Texas, El Paso.

May 16, 1979.

Lonnie W. Duke, San Antonio, for appellant.

Schwartz, Earp & McClure, David R. McClure, El Paso, for appellee.

## OPINION

WARD, Justice.

The dissatisfied buyer of an antique pistol sued the seller under the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm. Code Ann. Sections 17.-41–17.63 (Supp. 1978–1979), seeking trebled damages and attorney fees based on Sections 2.312 (1968) and 17.50, (Supp. 1978–1979), Tex.Bus. & Com. Code Ann. On previous appeal of this case, we determined

that the seller's liability to the buyer was established, and the Plaintiff-buyer was entitled to recover under Section 2.312, Tex. Bus. & Comm. Code Ann. (1968), as the Defendant-seller had breached the warranty of title, and the Plaintiff's actual damage was the loss of the purchase price of the firearm. *Trial v. McCoy*, 553 S.W.2d 199 (Tex.Civ.App.1977, no writ). A partial remand back to the trial Court was ordered, however, to determine whether or not the Plaintiff-buyer was a "consumer" and therefore entitled to trebled damages and attorney fees under Section 17.50, Tex.Bus. & Comm. Code Ann. (Supp. 1978–1979). Trial on remand was heard before the Court without a jury, and the trial Court entered its judgment awarding trebled damages and attorney fees against the Defendant-seller. Findings of fact and conclusions of law were filed. We affirm.

In August, 1974 when the gun was sold to the Plaintiff, Section 17.45 of the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm. Code Ann., provided:

> (4) 'Consumer' means an individual, partnership or corporation who seeks or acquires by purchase or lease, any goods or services.
>
> (5) 'Merchant' means a party to a consumer transaction other than a consumer.

Since it was this Court's opinion that one who was a merchant as defined in the Act could not be a consumer entitled to the trebled damages under Section 17.50, Tex. Bus. & Comm. Code Ann. (Supp. 1978–1979), the trial Court under the remand order had to determine the status of the buyer as either consumer or merchant. Under the remand order, the trial Court has now found that the Plaintiff purchased the pistol as an addition to his hand gun collection and not for purposes of resale; that at the time he was not in the business of buying or selling firearms; that he was a "consumer" in the transaction as the term was used in Section 17.50 and as defined in Section 17.45; and that he was not a "merchant."

■ Defendant's first two points attack these findings, the arguments advanced in the prayer indicating that the evidence is legally insufficient for their support. Under these challenges, we will consider only the evidence favorable to the findings and reject all others to the contrary.

■ The Plaintiff had been a gun retailer but sold that business in January, 1973. By that time, he had become a gun collector specializing in Remington hand guns, and accumulated an antique hand gun collection which he kept at his home and which he retained at the time of the sale. He did not sell any guns out of that collection, but was ready to trade items or continue to buy items to upgrade the collection. He did this for his own personal enjoyment and not for profit. The Plaintiff purchased the gun in question to go in his Remington gun collection, believing it was factory engraved and therefore a very rare piece, and he had no intention to purchase the individual pistol for resale. It was only after studying the gun after its purchase and having other collectors examine it that he determined it was not factory engraved and therefore not beneficial to his collection. Because it was not factory engraved, he took the pistol to Yuma, Arizona, to a gun show to sell it. There, it was taken from him by the sheriff because it was stolen property. The evidence was legally sufficient to support the findings of the Court that the Plaintiff at the time of the purchase was a "consumer" as opposed to a "merchant," and as such was entitled to the benefits provided by Section 17.50 of the Act. The first two points are overruled.

■ By his third point, the Defendant argues he was entitled to the benefits of the limited defenses provided for by Section 17.50A of the Act as amended in 1977, his contention being that the Article was remedial in nature, and applied to pending litigation. Without discussing this assertion, the Defendant is not in position to claim the defenses for the following reasons. In the first place, the defenses are in the nature of confession and avoidance and are affirmative defenses, and under the Rule had to be specially pleaded. Rule 94, Tex.R.Civ.P. No such pleadings appear of record. The

Defendant waived the defense by failure to plead it. *CNL Financial Corporation v. Hewlett*, 539 S.W.2d 176 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). In the second place, the Defendant neither requested nor secured any additional findings of fact from the trial Court concerning any such partial defense. Failure of the defendant to request additional findings effects a waiver of the ground of defense where no element thereof has been found. Rule 299, Tex.R.Civ.P.; *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App.—Houston 1958, writ dism'd); 4 McDonald, Texas Civil Practice sec. 16.09. Not having requested nor obtained any findings to support any portion of his defensive theory, the Defendant is in no position to complain of the judgment. The point of error is overruled.

The Plaintiff in his pleadings on which he went to trial prayed for attorney fees reasonable "in relation to the amount of work expended, and to be expended, pursuant to Sec. 17.50, Texas Business and Commerce Code; . . ." There were no pleadings as to attorney fees expended or to be expended in the body of the pleading. No special exception was levied to the pleadings by the Defendant. Over the objection of the Defendant, the Plaintiff introduced testimony in regard to attorney fees incurred through trial and on appeal. The Defendant's objection that there were no pleadings to sustain such evidence was overruled, and the evidence was permitted. After the trial and before the judgment was entered, the Plaintiff requested and was granted permission to file a trial amendment, wherein he alleged as part of the body of his pleadings that he was entitled to attorney fees reasonable in relation to the amount of work expended and to be expended in said case. By his last points, the Defendant complains of the action of the trial Court in permitting the trial amendment and in making the award of reasonable attorney fees on appeal. The prayer in the pleadings, even without other pleadings, was sufficient to authorize an award of attorney fees in the higher court. *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ.App.—Texarkana

1976, no writ). Permitting the trial amendment was within the Judge's discretion. Tex.R.Civ.P. 66. These points are overruled.

The judgment of the trial court is affirmed.