**Jim SEYMOUR and James Vowell, Appellants,**

v.

**R. L. GILLESPIE, Appellee.**

No. 8207.

Court of Civil Appeals of Texas, Beaumont.

June 28, 1979.

Rehearing Denied July 31, 1979.

L. Roger Ratliff, Silsbee, Danny W. Womack, Austin, for appellants.

George E. Chandler, Lufkin, for appellee.

DIES, Chief Justice.

Plaintiffs below, Jim Seymour and James Vowell, while conducting research for a project they were doing on the Big Ticket, proceeded onto the sawmill premises of R. L. Gillespie, defendant below. Plaintiffs had no prior arrangement or permission to enter defendant's property. While there, an affray took place between the parties, which resulted in a lawsuit wherein plaintiffs contended defendant committed an assault and battery against them resulting in personal injuries.

Trial was to a jury, which found for the defendant, and from which plaintiffs have brought this review.

The only question presented here is the admissibility of a tape recording. One of the plaintiffs had such a device on his person at the time, and he says he only discovered it was operating when he got back to his car after the altercation. The trial judge refused to admit the tape recording into evidence.

The leading Texas case discussing the admissibility of a tape recording is *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.). That court (at 773) said:

"We further hold that exclusion of the tape recording, under the circumstances, was at least discretionary, and abuse of discretion by the trial court is not shown."

The following cases have also held that such admissibility rests largely within the discretion of the trial judge: *Schwartz v. State*, 158 Tex.Cr.R. 171, 246 S.W.2d 174, 177–178 (Tex.Cr.App.1951); *Drake v. State*, 488 S.W.2d 534, 538 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). See also *Matter of Bates*, 555 S.W.2d 420, 432 (Tex.1977); *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Cr.App.1977).

In the instant case, the trial judge refused to admit the tape because "some of it is very garbled and it is ununderstandable to the court." The County Sheriff testified, ". . . but I couldn't understand heads nor tails on it because all of it was loud scratching and fussing. . . ."

Under these circumstances, we are unable to say the trial court abused his discretion and accordingly overrule plaintiffs' points of error and affirm the judgment of the trial court.

AFFIRMED.