Jim SEYMOUR and James
Vowell, Petitioners,

v.

R. L. GILLESPIE, Respondent.

No. B–8806.

Supreme Court of Texas.

Sept. 12, 1980.

Rehearing Denied Oct. 8, 1980.

Danny M. Womack and John McClish, Austin, for petitioners.

George Chandler, Lufkin, for respondent.

CAMPBELL, Justice.

Jim Seymour and James Vowell brought this suit against R. L. Gillespie claiming damages for personal injuries arising from assault and battery. The trial court rendered a take nothing judgment for Gillespie and the Court of Civil Appeals affirmed. 584 S.W.2d 528. We reverse the judgment of the Court of Civil Appeals and remand the cause to the trial court.

The only question in this case is whether the trial court committed reversible error in

excluding a tape recording of the conversation and sounds that occurred during the alleged assault and battery. In 1970, Seymour and Vowell were making a film to be entitled "The Big Thicket" for the Texas Historical Society. As a part of this project they went to a small sawmill owned by Gillespie, near Honey Island in East Texas. While there, an affray took place, resulting in this lawsuit. Seymour and Vowell contend that the defendant committed an assault and battery against them. Gillespie alleges an entirely different version of the facts.

The trial judge, in a jury trial, would not admit the tape in evidence. The reasons given were that the tape was self–serving, that the persons being recorded did not identify themselves during the recording, one of the parties did not know he was being recorded, and because "Some of it is very garbled and it is ununderstandable to the court." The Court of Civil Appeals, relying on *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.), held that under the circumstances it was unable to say the trial court abused its discretion in refusing to admit the tape recording.

■ Tape recordings which are a fair representation of a transaction, conversation or occurrence are admissible. A fair representation may be shown by these elements: (1) a showing that the recording device was capable of taking testimony; (2) a showing that the operator of the device was competent; (3) establishment of the authenticity of the correctness of the recording; (4) a showing that changes, additions, or deletions have not been made; (5) a showing of the manner of the preservation of the recording; (6) identification of the speakers; and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *See Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.). Some of these elements may be inferred and need not be shown in detail. For example, if a person who hears and records a conversation or hears a conversation and a recording of the conversation, testifies the recording is a fair representation of the conversation, it can be inferred the recording device was capable of taking testimony and the operator was competent. The voluntary nature of the conversation may be inferred from the facts and circumstances of each case. *See Edwards v. State*, 551 S.W.2d 731 (Tex.Cr.App.1977).

■ A general objection to an insufficient predicate will not suffice. Specific objections must be made. *In the Matter of Bates*, 555 S.W.2d 420 (Tex.1977).

■ This Court, in *In the Matter of Bates, supra,* held that recording of conversations by one party to the conversation is not an invasion of privacy, is not illegally obtained and, under circumstances such as these, the testimony of the unknowing party is freely given. Therefore, the recordings are not objectionable for these reasons.

■ The Court of Civil Appeals held that it was unable to say the trial judge had abused its discretion, under the circumstances, because the trial judge stated "Some of it is very garbled and it is ununderstandable to the Court" and the county sheriff testified "but I couldn't understand heads nor tails on it because all of it was loud scratching and fussing. . . ." That court relied on *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.), and quoted: "We further hold that exclusion of the tape recording, under the circumstances, was at least discretionary, and abuse of discretion by the trial court is not shown." In that case a tape recording was offered to impeach the witness Rives only as to the whereabouts of Ruby James at the time of an accident. James did not claim to be an eyewitness to the accident or to the activities of the injured plaintiff or to the activities of the defendant's employees immediately prior to the accident. That court stated "There was ample evidence aside from the testimony of Rives to support the contributory negligence findings against Cummings [injured plaintiff]." It was under those circumstances that the *Cummings*

court held that the exclusion of the tape recording was at least discretionary.

However, the circumstances in the present case are entirely different. The only witnesses to the alleged assault and battery were the persons involved. The testimony from each side was sharply controverted. The only unbiased evidence available was a tape recording. The recording is a part of our record. While some of it is "ununderstandable," much of it is understandable.

We conclude the trial court erred in excluding this evidence. From an examination of the entire record we conclude the error amounted to such a denial of the rights of Seymour and Vowell as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 503, T.R.C.P.

The judgments of the courts below are reversed and the cause is remanded to the trial court for a new trial.