**BOARDER TO BOARDER TRUCKING, INC., Appellant,**

v.

**MONDI, INC., Appellee.**

**No. 13–91–322–CV.**

Court of Appeals of Texas, Corpus Christi.

May 21, 1992.

Rehearing Overruled June 18, 1992.

Cornelius B. Marsh, IV, McAllen, for appellant.

A. Peter Thaddeus, Jr., Brin & Brin, Maricela C. Butts, McAllen, Thomas F. Nye, Brin & Brin, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN, and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

Boarder to Boarder Trucking, Inc., (Boarder) appeals from an adverse judgment, in favor of Mondi, Inc., the plaintiff below, following a jury trial. By two points of error, Boarder asserts that the trial court erred in admitting a tape-recorded telephone conversation, and asserts that the trial court abused its discretion in granting a trial amendment after judgment was entered. We modify the judgment, and remand for the calculation of interest.

This case was filed pursuant to Title 49, United States Code, Section 11707, which sets out a comprehensive regulatory system governing transportation of property, contracts of carriage, damage claims and bills of lading in interstate commerce. Section 11707 provides specifically that the liability imposed under this paragraph is for the actual loss or injury to the property. 49 U.S.C.A. § 11707 (West Pamphlet 1991).

Mondi is a company that locates transportation for products so that goods can be shipped from the seller to the buyer. Mondi released a load of Folger's coffee to Boarder for shipment. The coffee was to be shipped from New Orleans, Louisiana, to Wegman's, a grocery store chain in Rochester, New York. Because Boarder did not have one of its own trucks available, they "posted" the information in New Orleans so that another trucker could deliver the load. Boarder received a call from a trucker named Gary Bates regarding the posted information. Boarder's dispatcher told Bates where to pick up the coffee. A trucker named Gary Bates picked up the coffee, but the coffee was never delivered to Wegman's. Wegman's made a demand upon Mondi for payment of the load of coffee. Mondi paid Wegman's claim, and then sued Boarder.

At trial, the court submitted seven questions to the jury which found 1) Mondi delivered the load of coffee to Boarder, 2) the load of coffee was lost or stolen, 3) Boarder dispatched Gary Bates to pick up the load of coffee, 4) Boarder provided Gary Bates with enough information to pick up the load of coffee, 5) Boarder was negligent in dispatching Gary Bates and in providing Gary Bates with information about the coffee, 6) Boarder's negligence was the proximate cause of the occurrence in question, and 7) a sum of $85,000.00, if paid now, would fairly and reasonably compensate Mondi for its loss that resulted from the occurrence.

■ By point one, Boarder asserts that the trial court reversibly erred in admitting a tape-recorded telephone conversation. During discovery, Mondi, by videotape, deposed Linda Shipley Stotts, a former Boarder employee. During her deposition, Mondi's attorney questioned Stotts about a transcription of a taped telephone conversation between Stotts and Mondi's insurance company's investigator. The record

reflects that Stotts consented to the taping of this telephone conversation, and there is no complaint that she did not. During Stotts' deposition, however, there was a complaint that the transcription was inaccurate. During the videotaped deposition, the parties took a break and Stotts listened to the taped conversation. After Stotts listened to the tape, and while on the record during the videotape deposition, Mondi's counsel asked Stotts if the tape accurately reflected her responses; to which she answered that they did as accurately as she could give at that time. Based on this statement, Mondi alleges that Stotts effectively adopted the taped telephone conversation during her deposition.

At trial, Mondi asked that the taped telephone conversation be entered into evidence. Mondi asserted that the taped telephone conversation was a statement made by an agent or servant concerning a matter within the scope of employment, made during the existence of the relationship, is not hearsay, and is admissible. Tex.R.Civ. Evid. 801(e)(2)(B).[1] Boarder asserted that the taped telephone conversation was not admissible at trial because nowhere in Stotts' deposition does Mondi identify when or how the statement was taken or in what manner it was taken. Thus, Boarder asserts that no proper predicate was laid before examining Stotts about the recorded statement. The trial court agreed with Mondi, and held that the taped telephone conversation between Stotts and Mondi's insurance company's investigator was admissible under Rule 801.

By point one, Boarder generally asserts, as it did at trial, that the recorded phone conversation should not have been admitted at trial because Mondi failed to lay the proper predicate for the tape's admission into evidence. However, on appeal, Boarder specifically complains that there was no showing that the recorded telephone conversation was properly preserved and that changes, deletions or additions had not been made. Boarder's first point of error

is significantly different from its objection presented to the trial court.

■■■■ Tape recordings are a fair representation of a transaction, conversation, or occurrence. *Seymour v. Gillespie*, 608 S.W.2d 897, 898 (Tex.1980). A fair representation may be shown by these seven elements: 1) a showing that the recording device was capable of taking testimony, 2) a showing that the operator of the device was competent, 3) establishment of the authenticity of the correctness of the recording, 4) a showing that changes, additions, or deletions have not been made, 5) a showing of the manner of the preservation of the recording, 6) identification of the speakers, and 7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *Id.* Some of these elements may be inferred and need not be shown in detail. *Id.*

■■■■ We note that a general objection to an insufficient predicate will not suffice to preserve error for appeal. *Seymour*, 608 S.W.2d at 898. Specific objections must be made. *Id.* We also note that an objection at trial which is not the same as the objection urged on appeal presents nothing for appellate review. *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 655 (Tex.App.—Corpus Christi 1991, writ denied).

Nowhere at trial did Boarder object that there was no showing of the tape recording's preservation, nor was there an objection that there must be a showing that changes, deletions or additions had not been made. Additionally, focusing on Boarder's trial objection, that nowhere in the deposition does Mondi identify when the statement was taken or how it was taken, we note that the objections raised at trial are not among the seven elements outlined in *Seymour* for the admissibility of tape recordings. We overrule point one.

■■■■ By point two, Boarder asserts that the trial court abused its discretion by al-

---

1. Texas Rule of Civil Procedure 801(e)(2)(B) provides that a statement is not hearsay if the statement is offered against a party and is a statement of which he has manifested his adoption or belief in its truth.

lowing Mondi to amend its pleadings after the trial court entered judgment.

Mondi responds that Boarder did not preserve this point for appeal because it failed to file an objection or file a response motion to Mondi's motion for leave to file a trial amendment. It appears to us, however, that Mondi's motion for leave to file a trial amendment was in response to Boarder's motion to reform the judgment. Additionally, Mondi asserts that the trial court did not abuse its discretion because Boarder failed to show any evidence of surprise or prejudice by the trial amendment.

In determining the disposition of this point of error we review the record and the events following the trial court's judgment. Mondi's petition states that because the shipment of coffee was never received by Wegman's, Mondi was forced to pay Wegman's claim under 49 U.S.C. § 11707 in the amount of $74,008.55. Mondi's petition specifically pleads that as a result of Boarder's acts or omissions it is entitled to recover its loss from Boarder pursuant to 49 U.S.C. § 11707. Mondi's prayer for relief asked for damages in the reasonable and just sum of $74,008.55, together with prejudgment interest, from the date of the judgment as allowed by law, all costs of suit and such other and further relief as it may show itself justly entitled.

The trial court's judgment was signed February 26, 1991. In accordance with the jury's answer to Question 7 in the charge asking,

> what sum of money, if paid now, would fairly and reasonably compensate Mondi, Inc. for its loss, if any, that resulted from the occurrence in question,

the judgment awarded damages in favor of Mondi in the amount of $85,000. Additionally, the court awarded pre-judgment interest.

On March 27, 1991, Boarder timely filed a Motion for New Trial and a Motion to Reform the Judgment pursuant to Texas Rule of Civil Procedure 329b. Boarder asserted that because Mondi pleaded and proved that the value of their claim was $74,008.55, the trial court should vacate, modify, correct or reform the judgment pursuant to the trial court's plenary power and Texas Rule of Civil Procedure 329b(d) so that the judgment conforms to the pleadings.

On April 5, 1991, thirty-nine days after the trial court signed the judgment, Mondi filed, with the trial court, a Motion for Leave to File a Trial Amendment. By its motion, it asked to amend its pleadings to conform with the jury's answer and verdict and the trial court's judgment that $85,000, would reasonably compensate Mondi for its damages. Additionally, Mondi asserts that the Texas Supreme Court requires the trial court to allow trial amendments freely unless the Defendant presents evidence of surprise or prejudice. They claim that since Boarder did not argue surprise or prejudice in its motion to reform the judgment, they are entitled to the trial amendment.

The trial court is vested with discretion to allow trial amendments. Tex.R.Civ.P. 63 & 66. Trial amendments should be freely granted so long as the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. Tex.R.Civ.P. 66. A trial court's order allowing a trial amendment will not be set aside absent a showing that the trial court abused its discretion. *Id.* Generally, timing is not determinative of whether the trial court abused its discretion by granting a motion for leave to file a trial amendment. *Kirby Forest Indus., Inc. v. Dobbs*, 743 S.W.2d 348, 352 (Tex.App.—Beaumont 1987, writ denied).

■ In support of its position, Mondi relies on *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990). However, we note *Greenhalgh* presents a different scenario than the case before us. The issue in *Greenhalgh* was whether the granting of a trial amendment asking to increase exemplary damages to conform to the verdict was within the trial court's discretion when the trial amendment request occurred in the time period between the jury verdict and entry of the trial court's judgment. In the *Greenhalgh* scenario, post-verdict and pre-judgment, granting a

motion for leave to file a trial amendment is within the trial court's discretion. *Id.* at 939–40. Thus, it is well established that a party may ask the trial court for permission to amend its pleading after verdict but before judgment. *Id.* at 940. *Greenhalgh*, however, does not address a motion for leave to file a trial amendment presented to the trial court post-judgment.

■ We recognize that the trend is to give the trial court wide latitude in allowing amendments, even after a jury renders its verdict. However, after judgment is rendered, it is too late to amend, whether by a trial amendment or an amendment complete in itself. *Warren v. Ward Oil Corp.*, 87 S.W.2d 501, 502–03 (Tex.Civ. App.—Texarkana 1935, writ dism'd); *see also, Morris v. Hargrove*, 351 S.W.2d 666, 668 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.) (amendment too late after summary judgment rendered). While we recognize that courts are very liberal in permitting amendments to pleadings, we fail to find where they have gone to the extent that was attempted in this case. There should be a time in the trial of the cause when amendments to the pleadings should end, and it seems to us that time is after judgment has been rendered in a cause. *Warren*, 87 S.W.2d at 502–03. We conclude that the trial court abused its discretion when it permitted Mondi to amend its pleadings after rendition of the judgment.

■ Additionally, Mondi asserts that Boarder does not complain by a specific point of error about the sufficiency of the evidence to support the jury finding of $85,000, in damages. However, we note that in Boarder's second point of error, it states that nowhere is $85,000, proven as an amount of damages, and that the only amount requested by Mondi was $74,-008.55. Mondi suggests that evidence in the record supports the jury's answer, the verdict, and the judgment on the damages issue. Mondi points our attention to a Proctor & Gamble invoice showing an amount of $97,394.40. However, no evidence shows that this amount represented the actual loss Mondi suffered when paying Wegman's claim. By its petition, Mondi specifically asserted that it was "forced to pay Wegman's Food Market's claim under 49 U.S.C. Sec. 11707 in the amount of … $74,008.55." In our review of the record and statement of facts, we find no evidence that would support a jury finding, verdict or judgment that Mondi's recoverable loss for damages under U.S.C. Title 49, Section 11707, was $85,000. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985).

We conclude that the trial court's judgment was correct in all respects except for the amount awarded as damages. We, therefore, modify the judgment to conform to the $74,008.55, loss Mondi originally pleaded in its petition. Additionally, we remand the case to the trial court for the calculation of interest.

GILBERTO HINOJOSA, J., concurs.

GILBERTO HINOJOSA, Justice, concurring.

I concur in the result only. The majority holds that a trial court cannot permit amendments to pleadings after judgment is rendered but during the time when the trial court retains plenary power. I believe that the authority the majority cites does not support this holding. I would hold that a trial court has discretion to permit post-trial amendments to pleadings which conform to the evidence and the jury's verdict after judgment is rendered and during the court's plenary period.

The trial court in the instant case signed a judgment reflecting the jury's verdict after the trial on the merits. Twenty-nine days after the judgment was signed, appellants filed a motion to reform the judgment alleging, among other things, that the jury's damage award was higher than the amounts pleaded in appellee's original petition. In response, appellee filed a motion for leave to file a trial amendment asking the trial court to allow appellee to amend its trial pleadings to conform to the evidence and the jury's verdict. The court granted appellee's motion.

Rules 63 and 329b(e) of the Texas Rules of Civil Procedure support the conclusion that a trial court can grant post-trial amendments to the pleadings after judgment is signed during its plenary period. Rule 63 provides:

Parties may amended pleadings ... by filing such pleadings with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings ... offered for filing within 7 days of the trial date, or thereafter ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX.R.CIV.P. 63. Parties have a right to amend their pleadings under Rule 63. *International Bhd of Elec. Workers v. Southwestern Bell Tel. Co.*, 498 S.W.2d 504, 506 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *City of Waco v. Texas Coffin Co.*, 472 S.W.2d 800, 804 (Tex. Civ.App.—Waco, 1971, writ ref'd n.r.e.). This rule is liberally construed. *Cuellar v. Garcia*, 621 S.W.2d 646, 648 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.); *Keelin v. Hamilton*, 430 S.W.2d 268, 272 (Tex. App.—Dallas 1968, no writ).

Nowhere does Rule 63 specify an outer limit on the trial court's power to allow amendments. It merely states the point after which a showing of surprise becomes necessary. No rule prohibits the filing of a post-judgment amendment to the pleadings.

In *Greenhalgh v. Service Lloyds Ins.*, 787 S.W.2d 938 (Tex.1990), the case upon which the majority relies for its holding, the Texas Supreme Court wrote: "Without a showing of surprise the trial court must grant leave for a party to file the amendment when requested within seven days of trial **or thereafter**." (emphasis added)[1] A long list of cases permits post-trial amendments to pleadings after verdict seeking recovery of the full amount the jury assesses. *See e.g. Candelier v. Ringstaff*, 786 S.W.2d 41, 43 (Tex.App.—Beaumont 1990,

writ denied); *Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 610 (Tex.App.—Tyler 1984, writ ref'd n.r.e.); *Adams v. Morris*, 584 S.W.2d 712, 718 (Tex.Civ.App.—Tyler 1979, no writ); *Trial v. McCoy*, 581 S.W.2d 792, 795 (Tex.App.—El Paso 1979, no writ); *Santa Rosa Medical Center v. Robinson*, 560 S.W.2d 751, 758–59 (Tex.Civ.App.—San Antonio 1977, no writ); *Irwin v. Whirley*, 538 S.W.2d 150, 152–53 (Tex.App.—Waco 1977, no writ); *Tom's Toasted Peanuts, Inc. v. Doucette*, 469 S.W.2d 399, 402 (Tex. App.—Beaumont 1971, writ ref'd n.r.e.). *But see Texas Indus. Inc. v. Lucas*, 634 S.W.2d 748, 759 (Tex.App.—Houston [14th Dist.] 1982), *reversed on other grounds Lucas v. Texas Indus.*, 696 S.W.2d 372 (Tex.1984) (finding no error in the trial court's refusal to permit post trial amendment to increase the amount of damages pleaded).

Rule 329b(e) provides:

If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to **vacate, modify, correct, or reform** the judgment until 30 days after all such timely-filed motions are overruled, either by written or signed order or by operation of law, whichever occurs first. (emphasis added)

TEX.R.CIV.P. 329b(e). Obviously, the trial court in this case, at any time during its plenary power, had the power to vacate its judgment, grant the post-trial amendment appellee offered and then enter a new judgment reflecting this post-trial amendment to the pleadings. *See Candelier*, 786 S.W.2d at 43. I see no reason why a trial court should be required to vacate its first judgment in order to grant leave to file post-trial amendments to the pleadings and then enter the exact same judgment so that the granting of the post-trial amendments can indisputably be valid under *Greenhalgh*, Rule 63, and Rule 329b(e). As with other post-judgment orders entered within

---

**1.** The holding of *Morris v. Hargrove*, 351 S.W.2d 666, 668 (Tex.App.—Austin 1961, writ ref'd n.r.e.), upon which the majority also relies, is inapplicable because it involves post-summary

judgment amendments. Rule 166a(c) expressly requires that summary judgment shall be based on the pleadings on file before the summary judgment is rendered.

the court's plenary power, the order granting leave to file the post-trial amendments is simply a modification of the original judgment. *Cf. Homeowners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 886–87 (Tex.App.—Corpus Christi 1991, no writ). The trial court's order granting leave to file the post-trial amendments is incorporated into, and becomes part of, the original judgment. Thus, an order permitting post-judgment amendments increasing damages is an order which modifies the judgment to make it conform to the pleadings and the evidence.

In addition, I would hold that the appellants waived error by failing to bring this alleged error to the trial court's attention before judgment was rendered. Appellant had an opportunity to present evidence of surprise and object, but failed to do so.

I would hold that the trial court has the power to permit post-judgment amendments to the pleadings without going through the motions of vacating the first judgment, permitting the amendment, and then rendering a second identical judgment.

I concur only because there was no evidence to support a damage award greater than $74,008.55 under the proper standard.