cv3-480 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00480-CV







Julie Benson; Ignacio Castillo; Beatriz Garcia, Individually


and as Next Friend for Abel Garcia, Alfonso Garcia, Jr., 


Amanda Garcia, Angelina Garcia, Cristina Garcia, and 


Maria Elena Garcia, Minors, et al., (1) Appellants



v.



Eugene A. Brodhead, as Ancillary Receiver of Integrity Insurance Company,


and Texas Property and Casualty Insurance Guaranty Association, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 91-2010, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING








 This is an appeal from a summary judgment granted on behalf of appellee Eugene
A. Brodhead as ancillary receiver (the "Receiver") of Integrity Insurance Company. (2) In a single
point of error, appellants Julie Benson and others (collectively "Claimants") contend that the
district court erred in granting the Receiver's motion for summary judgment. At issue is the
ability of Claimants to recover a monetary claim from the Receiver. We will affirm.



BACKGROUND FACTS


 The record in this case is slim. The Receiver moved for summary judgment on the
pleadings, which consisted of Claimants' second amended petition and the Receiver's general
denial. The only proof the Receiver offered in his motion was excerpts of Claimants' admissions. 
Although Claimants' admissions refer to attached exhibits, our record contains no exhibits. 
Claimants tendered no additional summary judgment proof. Neither side filed affidavits. The
briefs are equally limited. Claimants cite only one case and two statutes in their efforts to reverse
the judgment. The parties' briefs refer to facts not alleged in the pleadings or supported by the
summary judgment record. We summarize the facts as best we can determine.

 Claimants recovered judgment in an unspecified amount against Tide Products, Inc.
("Tide"), for injuries they sustained as a result of a spill or release of toxic chemicals under Tide's
control. Tide's general liability coverage was less than the amount of the judgment. Tide had
excess liability coverage with several companies including Integrity Insurance Company
("Integrity"); the policy issued by Integrity had a liability limit of five million dollars.

 A previous court order had appointed a receiver for Integrity. Each Claimant had
timely presented to the Receiver a proof of claim for a specified sum of money arising out of his
or her damages from the toxic spill incident. See Tex. Ins. Code Ann. art. 21.28, § 3(a) (West
Supp. 1995). (3) Our record contains no evidence of the amount of each claim or the amount each
Claimant recovered against Tide. Claimants apparently have recovered unspecified sums from
sources other than Integrity toward satisfaction of the Tide judgment. Claimants admit that the
amount each has recovered exceeds the amount each requested in the proof of claim forms filed
with the Receiver but is less than the amount of the judgment against Tide and less than the
maximum recovery permitted by statute. See Texas Property and Casualty Insurance Guaranty
Act ("Guaranty Act"), Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp. 1995) (limiting
claim recovery to $100,000). The Claimants admit the Receiver is entitled to a credit for all sums
Claimants receive from any source. See Guaranty Act § 12 (West Supp. 1995).

 The Receiver denied each Claimant's claim. See Tex. Ins. Code Ann. art. 21.28,
§ 3(h). Within three months of the denial, Claimants filed this action. See id. In their second
amended petition, Claimants sought to appeal the denial under the "covered claim" provisions of
the Guaranty Act and to recover from the Receiver their uncompensated damages under the Tide
judgment. See Guaranty Act § 5(8).

 The Insurance Code provides for trial de novo review of claims rejected by a
receiver. See Tex. Ins. Code Ann. art. 21.18, § 3(h). The Receiver moved for summary
judgment, alleging that as a matter of law Claimants could not recover on the claims they
asserted. (4) The trial court granted a take-nothing summary judgment in favor of the Receiver. 
Claimants appeal the summary judgment.

 A movant for summary judgment must show that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548 (Tex. 1985). When nonmovants do not raise any genuine issues of
material fact in their response to a motion for summary judgment, they are limited on appeal to
arguing the legal sufficiency of the movant's grounds for summary judgment. McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Claimants raise no material fact issues in their
response to the motion for summary judgment and are limited on appeal to arguing the legal
sufficiency of the grounds for the summary judgment. See McConnell, 858 S.W.2d at 343. When
the summary judgment record is incomplete, omitted documents are presumed to support the trial
court's judgment. See DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 689 (Tex. 1990).


DISCUSSION 


 In one point of error, Claimants complain generally that the district court
erroneously rendered summary judgment in favor of the Receiver. See Malooly Bros., Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970) (approving broad point of error as sufficient to allow
argument on all possible grounds upon which summary judgment should have been denied). The
motion for summary judgment does not specify the basis or theory upon which the Receiver
sought or was entitled to judgment. Claimants, however, did not complain about this deficiency
below and do not raise this complaint on appeal. In response to the Receiver's motion, Claimants
offered no additional proof and did not suggest any facts in dispute. The order granting summary
judgment does not state the basis on which it was granted. In their briefs, the parties assume the
judgment rests on a legal ruling by the trial court that, when a receiver denies a claim, the
claimant's recovery in the trial court is limited to the amount requested in the proof of claim form. 


 Claimants advance two arguments in support of their point of error. First, they
maintain that the trial court's judgment was incorrectly based on the ground that the amount of
damages Claimants asserted in their proof of claim forms precluded their recovering amounts in
excess of the denied claims in violation of their rights to trial de novo. See Tex. Ins. Code Ann.
art. 21.28, § 3(h) (providing that action on rejected claims "shall be de novo as if originally filed
in [trial] court"). Claimants support their assertion by citing to the portion of the Administrative
Procedure Act explaining trial de novo review: 



If the manner of review authorized by law for the decision in a contested case that
is the subject of complaint is by trial de novo, the reviewing court shall try each
issue of fact and law in the manner that applies to other civil suits in this state as
though there had not been an intervening agency action or decision but may not
admit in evidence the fact of prior state agency action or the nature of that action
except to the limited extent necessary to show compliance with statutory provisions
that vest jurisdiction in the court.

 

Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.173(a) (West 1995). Claimants
argue that summary judgment was wrong because they are entitled to a trial de novo on their
claims. In other words, Claimants contend that while filing a claim with a receiver is a
prerequisite to obtaining a trial de novo when the claim is denied, the claimant is in no way bound
at the trial court level by the amount of the claim denied by the receiver. Instead, they argue that
the amount set forth in the proof of claim form does not restrict proof at trial of entitlement to a
greater amount than that originally claimed. Even assuming Claimants' legal proposition is
correct, they have not demonstrated that the trial court rendered judgment in contravention of their
proposition. The statute providing for trial de novo review of rejected claims does not preclude
a trial court from rendering summary judgment when a movant shows itself entitled to summary
judgment. We cannot say the record reveals that the trial court rendered summary judgment in
violation of the general proposition providing for trial de novo. 

 Second, relying on City of Waco v. Texas Coffin Co., 472 S.W.2d 800 (Tex. Civ.
App.--Waco 1971, writ ref'd n.r.e.), Claimants contend that the trial court erroneously failed to
recognize their absolute right to amend their pleadings. They argue that once a party files an
action in the trial court following the denial of a claim, the party can amend its pleadings and
increase the amount of the claim for which compensation is sought. Without disputing Claimants'
ability to amend their pleadings, we note that Claimants have not shown they were prevented from
exercising this right. Indeed, Claimants filed several amended pleadings before judgment was
rendered. The record does not reflect that the trial court denied any request by Claimants to
amend their pleadings or that they were prevented from filing any pleading. We cannot say how
Claimants' general proposition regarding pleading amendments relates to the trial court's granting
of the summary judgment. 

 While the material facts appear undisputed, we cannot ascertain from the record
the basis on which the Receiver moved for summary judgment or the ground on which it was
granted. While Claimants' assertions that they are entitled to a trial de novo and that they can
amend their pleadings may be sound general propositions, we are unable to determine that the trial
court erred in either regard. The fact that these general rules exist does not preclude summary
judgment. Claimants admit that they have recovered money from sources other than the Receiver
in excess of the amounts stated in their claims but less than the amount of their Tide judgment and
less than the statutory maximum recovery permitted. Nevertheless, this does not cast further light
on how the trial court erred.

 Claimants have failed to provide us a sufficient record for review. They do not
bring forward a record upon which we can determine the proof the trial court considered or the
basis on which the summary judgment was rendered. See Tex. R. App. P. 50(d) (placing burden
on party seeking review to present sufficient record to show reversible error). In the absence of
a complete record we are unable to hold that the Receiver failed to prove entitlement to summary
judgment. Claimants have not demonstrated that the judgment stands on an incorrect legal basis
or that the trial court erred in rendering judgment. Therefore, we cannot sustain the complaint. 
The point of error is overruled, and the judgment is affirmed. 



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: March 15, 1995

Do Not Publish

1.   The remaining appellants are: Miguel Garcia, Jr.; Alfonso Garcia, Sr.; Guadalupe V.
Garza; Elizabeth Graybill; Harry J. Graybill; Jesse Graybill; Stephen Alan Graybill; Gene
Paul Huff, Individually and as Next Friend for Maria Huff and Ricardo Huff, Minors;
Julienne Stacy Love, Individually and as Next Friend for Korienne Love, Minor; Kenneth
Love; Dionicio Perez; Roberto G. Perez, Dorothy Perez, as Next Friend for Elizabeth Marie
Perez and Roman Perez, Minors; Manuel Pizana, Individually and as an Heir and
Representative of the Heirs of the Estate of Gilberto Pizana, Deceased, and as Administrator
of the Estate of Gilberto Pizana, Deceased; Genaro Salazar, Jr.; Ramiro Sanchez; and
Antonio Torres, Jr.
2.   Appellee Texas Property and Casualty Insurance Guaranty Association (the
"Association") intervened in this action upon order of the receivership court. The
Association intervened after the original parties had briefed and submitted the case to us;
accordingly, this opinion addresses the arguments in the Receiver's brief. 
3.   Article 21.28, section 3(a) of the Insurance Code provides that

 

[w]here a liquidation, rehabilitation, or conservation order has been entered in a
proceeding against an insurer under this Article, all persons who may have claims
against such insurer as set out in Subsection (a) of Section 8 of this Article . . . shall
present proof of the same to the receiver at a place specified by him within a period
of time to be specified by the court . . . .


Tex. Ins. Code Ann. art. 21.28, § 3(a) (West Supp. 1995). Subsection (a) of section 8 further
provides that "liability claims against insureds covered under insurance policies . . . issued by the
insurer" are claims that may be presented to receivers for distribution of assets. See id. § 8(a). 
 
4. The Receiver appears to have argued that Claimants could not recover from him since
admittedly they already had recovered from other sources amounts in excess of those requested
in their proof of claim forms.